[Crim. No. 7536.    Second Dist., Div. Four.    Nov. 14, 1961.]

THE PEOPLE, Respondent, v. ALBERT LOUIS PITTS,
Appellant.

Albert Louis Pitts, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Assistant Attorney General, for Respondent.

JEFFERSON, J.—On October 10, 1960, defendant was found guilty of three counts of issuing a check without sufficient funds in violation of section 476a Penal Code. It was also alleged in the information that defendant had suffered two previous convictions of issuing checks without sufficient funds. Trial by jury having been duly waived, defendant was tried by court and was represented by counsel. He was found guilty of violating section 476a of the Penal Code. The court found the priors as alleged were true. Probation was denied. Defendant was sentenced to the state prison on each count, the sentences to run concurrently. He appeals in propria persona from the judgment. In defendant's opening brief, he makes reference to the case of *People* v. *Hyde*, 51 Cal.2d 152, 154 [331 P.2d 42], from which we conclude that he may be raising the point of having been denied counsel on appeal. In this respect it should be noted that the defendant filed a motion for appointment of counsel to represent defendant on appeal in Division Two of the Second Appellate District of this court, to which consideration of this appeal had originally been assigned.

On May 12, 1961, that division of this court made the following order:

"This court, having considered defendant's application for the appointment of counsel to represent him on the appeal herein, and having made an independent investigation of the record, has determined that it would be neither advantageous to the defendant nor helpful to this court to have counsel appointed. The application is therefore denied. Appellant granted to June 12, 1961, to file appellant's opening brief."

Thereafter on September 26, 1961, the appeal of this case was transferred to this division. We have determined that

it would be neither advantageous to defendant, nor helpful to this court to have counsel appointed, in view of consideration given defendant's motion by Division Two of this court and our own independent investigation of the record, which has led us to the same conclusion.

There was evidence of the following facts:

On July 27, 1960, defendant presented a check drawn on the Bank of America National Trust & Savings Association to Bullock's, Inc. in the sum of $20. On August 3, 1960, defendant presented a check drawn on California Bank to Bullock's, Inc. in the sum of $25. On August 6, 1960, defendant presented a check drawn on California Bank to Bullock's, Inc. in the sum of $25. As to each of the checks drawn and presented, defendant did not have sufficient funds in the banks named, nor had he made any arrangement for credit.

On August 24, 1960, defendant had a conversation with James R. Ferguson, a police officer of the city of Los Angeles, attached to the forgery division. The checks were shown to defendant and he stated that he had written and passed the checks. He also stated that he knew when he wrote the checks drawn on the California Bank that he did not have sufficient funds in the bank to cover them, but anticipated some funds he might be able to deposit. He further stated at the time he issued the checks on the Bank of America that he thought it might deplete the account. Defendant did not take the stand. He neither testified nor put on a defense.

Defendant contends that the prosecution failed to prove its case "in accordance to law."

In considering the sufficiency of the evidence to support a judgment, the appellate court determines only whether there is any substantial evidence in the record which supports the conclusion reached. (*People* v. *Tom Woo,* 181 Cal. 315, 326 [184 P. 389]; *People* v. *Daugherty,* 40 Cal.2d 876, 885 [256 P.2d 911]; *People* v. *Kessler,* 62 Cal.App.2d 817, 821 [145 P.2d 656].)

The evidence in this case is sufficient to sustain the trial court in its findings that issuing a check without sufficient funds had been committed.

The essential elements of the offense of a violation of section 476a of the Penal Code consist of the drawing or issuing of a check or draft with knowledge that at the time of such drawing the drawer has insufficient funds in, or credit with the bank to meet the payment upon presentation and

such check is drawn or issued with the intent to defraud the payee or other person. █ The evidence was sufficient to warrant an inference that defendant intended to defraud the payee.

As stated in *People* v. *Yrigoyen,* 45 Cal.2d 46, 49 [286 P.2d 1]: "The evidence is sufficient to show that there were not enough funds in the account when the check in question was issued or presented and that no credit arrangement was made for its payment. It can be inferred that defendant knew the depleted condition of the account, and, under the circumstances, the record supports the implied finding that he issued the check with intent to defraud . . . (*People* v. *Wallin,* 34 Cal.2d 777, 780 [215 P.2d 1]; *People* v. *Rose,* 9 Cal.App.2d 174, 175-176 [48 P.2d 1009]; see *People* v. *Boyce,* 87 Cal.App. 2d 828, 829-830 [197 P.2d 842].)"

█ Defendant next contends that he was denied due process of law in that the prosecution and trial court were prejudiced in the matter of his prior record. This contention is without merit. Certified documents pertaining to the prior convictions were received in evidence. Counsel stipulated that defendant is the person named in the certified documents.

█ Section 969b of the Penal Code, which makes certain prison records or certified copies thereof evidence of a prior conviction, does not violate the due process clause of the state and federal Constitutions. (*People* v. *Russell,* 131 Cal.App. 646 [21 P.2d 959].)

For the foregoing reasons, the judgment is affirmed.

Burke, P. J., and Balthis, J., concurred.