[Crim. No. 15168. Second Dist., Div. Five. Nov. 19, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
LEROY SPEARMAN, Defendant and Appellant.

## COUNSEL

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Arthur B. Rosenfeld, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**REPPY, J.**—In an information accusing defendant of the violation of Penal Code section 667 (petty theft with prior), he was charged with having suffered six previous convictions of felonies for which he had served a period of imprisonment. (Hereafter, for brevity, we will refer simply to the charged "priors.") Despite some confusing language on the part of counsel for the prosecution about the first prior being set up as part of the corpus of the crime and despite the preparation of the verdict forms (apparently by the district attorney), so as to have one for the crime (petty theft and first prior) and separate ones for the other priors, each prior seems to have been alleged and considered as an alternative to meet the second portion of Penal Code section 667. Ultimately it is only necessary that one prior be established to invoke the part of Penal Code section 667 which brings about felony punishment. The way the jury rendered its

verdict made the first prior alleged the one that set defendant's status as an ex-felon meeting the second portion of Penal Code section 667.

It is generally accepted that the establishment of the prior does not make up an independent element of a two-component crime (such as felon-in-possession-of-firearm) but rather bears on the punishment to be imposed in case of a finding of guilty of the petty theft charge. (See *People* v. *Pierson,* 273 Cal.App.2d 130, 132-133 [77 Cal.Rptr. 888].) Various contentions made by defendant are considered in this light; they are not necessarily reviewed in the order presented by him.

1. On appeal defendant has concentrated on his contention that Penal Code section 667 (commission of petty theft after having been convicted of and imprisoned for felony),[1] as amplified by Penal Code section 969 (charging of all known previous convictions) and Penal Code section 1025 (denial of a previous conviction to be tried by jury or court; no allusion to be allowed if admitted), is unconstitutional for various reasons.

■ a. Defendant claims that section 667 creates an unlawful classification by making only ex-felons subject to felony punishment for a petty theft violation. We cannot say that the Legislature was unreasonable in taking the position that it is more serious for a person who had previously been convicted of a felony (or of petty theft) to (again) commit petty theft than for a person who has not been so convicted previously to do so. It is logical to presume that the ex-felon has demonstrated that he has not taken seriously the state's rehabilitative program and has not learned from the punishment aspect of his incarceration. The part of Penal Code section 667 which requires that the defendant not only shall have suffered a prior conviction but shall have undergone confinement indicates that the factors just mentioned are part of the rationale of Penal Code sections 667 and 666, subdivision 3. We hold that the classification is reasonable and proper.

■ b. Defendant urges that the privilege against self-incrimination is violated by the procedural scheme of Penal Code sections 667, 969 and 1025, because the desirability of keeping out of the trial of the petty theft charge the prejudicial effect of a prior conviction record engenders an almost irresistible compulsion upon the defendant to admit the priors and thereby to incriminate himself as to that aspect of Penal Code section 667.[2]

---

[1]Similar contentions could be made as to Penal Code section 666, subdivision 3,— commission of petty theft after having been convicted of and served time for petty theft.

[2]Defendant's argument that the framework of the present law forces him to admit the priors charged, rather than putting the prosecution to its proof, operates from the

It is not necessarily a constitutional requirement that the state afford a defendant the opportunity of keeping knowledge of the priors from the jury by admitting them, given the premise that the section is otherwise constitutional. This is not done in a felon-in-possession-of-firearm trial (see *People v. Davenport,* 210 Cal.App.2d 335, 340-341 [26 Cal.Rptr. 753]; *People v. Schunke,* 47 Cal.App.2d 542, 544 [118 P.2d 314]), although admittedly, there, the prior felony aspect is a component of the crime. Moreover, admitting the priors is not truly an incrimination (as pleading guilty to the petty theft would be); it is only conceding the existence of a previously adjudicated circumstance which places the defendant in a heavier punishment category. Finally, the compulsion aspect is somewhat belied by the fact that defendant here saw fit to deny the priors.

Defendant argues a claimed analogy to *Griffin v. California,* 308 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229] (error to comment on defendant exercising his Fifth Amendment right of silence in court or in attempted pretrial interrogations). He explains no further. Perhaps his thought is that if a defendant at arraignment declines to respond to the query about priors, his silence is treated as a denial (Pen. Code, § 1025) which puts the prosecution to its proof and allows the bringing of the priors and their possible detrimental influence to the attention of the jurors in the same manner that erroneous prosecution comments on a defendant's silence brings it and its implications to their attention. The analogy involves only one aspect of the scheme, and, here, as indicated, defendant did deny the priors. Furthermore, there is involved in *Griffin* a constitutionally impermissible inference from silence, while in the prior felony situation the deplored evil is a presumed inclination of jurors to punish a man because of past misdeeds even though there is doubt as to guilt of the current offense.

Defendant also argues a claimed analogy to *United States v. Jackson,* 390 U.S. 570 [20 L.Ed.2d 138, 88 S.Ct. 1209], which held, in effect, that the pressure put on a defendant charged with kidnaping to give up his right to a jury trial by a federal law that allowed the death penalty to be imposed by jurors in a jury-tried case but did not allow it to be imposed by the court in a judge-alone-tried case made that part of the law unconstitutional. The reasoning is that the right to jury trial was emasculated by such a legislative provision. The analogy, says defendant in our case, is that the right to put the prosecution to its proof of priors before a jury is undermined by the state's legal scheme which puts pressure on a petty-theft-with-felony defend-

premise that he did suffer the priors and served time therefor and that the convictions had no constitutional infirmities. It is not being argued that a defendant who actually did not suffer convictions, or did not serve time, or could show constitutional irregularities is, solely for the purposes of trial tactics, making ingenuine admissions.

ant to admit his priors so as to achieve a trial of the current petty theft charge uncontaminated by the prejudicial effect of a past criminal record. The analogy is not sufficiently apt. In a *Jackson* situation a defendant, who wants a jury trial, is forced to give up a valuable "right"—immunity from capital punishment. In a situation such as the one in which defendant found himself he gives up nothing by insisting that the state prove the priors in front of a jury. He merely subjects himself to the liability that the jury will fail to follow the court's instructions on the proper use of the priors in its deliberations. Defendant's point therefore rests in distrust of the very right he seeks to vindicate.

 c. Defendant contends that he was denied due process of law when the trial court ruled adversely on his motion to have a separate jury trial concerning the charged priors. The prevailing direct consideration of this point by the United States Supreme Court (and we find no contra-intervening California cases directly dealing with the issue) is *Spencer* v. *Texas*, 385 U.S. 554 [17 L.Ed.2d 606, 87 S.Ct. 648]. Of course one of the factors stressed in *Spencer* is that the detrimental influence,[3] which it is generally acknowledged the awareness of a criminal record has on jurors[4] considering the question of guilt or innocence of a current charge, can sufficiently be reduced by a cautionary instruction to the jury, so that the convenience, economy and logic of trying the offense and the priors at the same time with the same jurors becomes the more valuable alternative. However, it is urged by defendant that because alleviation by cautionary jury instruction of the detrimental influence of guilt implication as to the defendant in the confession of a codefendant (*Delli Paoli* v. *United States,* 352 U.S. 232 [1 L.Ed.2d 278, 77 S.Ct. 294]) has been repudiated (*Bruton* v. *United States,* 391 U.S. 123 [20 L.Ed.2d 476, 88 S.Ct. 1620]),[5] it must be considered that the same repudiation is to be applied to the petty-theft-with-prior situation, since *Spencer* gave *Delli Paoli* as an example of the

---

[3]It is not that there is no logic to the concept that one who has committed one or more past crimes is more likely to commit petty theft than is a person innocent of such transgressions up to the time in question. It is that the assistance lent to the reasoning process by such material is not sufficiently strong to counterbalance the danger of it causing jurors to compromise the inviolate right of a defendant to be presumed innocent until the contrary is proved beyond a reasonable doubt. The concept is that even though jurors had a reasonable doubt of guilt they might convict just because they felt defendant was a bad man whom a little extra punishment would not hurt.

[4]Our discussion is confined to influences on jurors since this is the stress of defendant and since we are willing to accede, for the sake of consideration of this case, to the concept, often expressed in decision and text, that judges can (whereas jurors cannot) discipline their deliberative processes and compartmentalize segments of evidence to the end of using certain segments only on the subject to which they "know" (judges) or are instructed (jurors) it applies.

[5]*People* v. *Aranda,* 63 Cal.2d 518 [47 Cal.Rptr. 353, 407 P.2d 265] is California's preceding counterpart.

adequacy of cautionary instructions. In other words, it is suggested that *Bruton* has pulled the props out from under *Spencer*. However, this does not necessarily follow. The likelihood of jurors being affected by prior-crimes evidence, as against a court instruction not to allow it, is not as great as in the codefendant implicating-confession situation. The crime record evidence is documentary and not personalized; and it does not relate as directly to the probability of guilt or carry as much emotional impact. There is still room to assume (despite *Bruton*) that jurors can detect and apply the logic of an instruction that tells them not to use evidence of prior convictions (as to which they are to make findings so as to determine the punishment status of defendant because he has put that in issue) in dealing with the question of defendant's guilt or innocence of the charge of petty theft.

There are two other influencing points. The codefendant-confession situation calls more for the protective rule because it involves a violation of the right of cross-examination, an important factor in the constitutional concept of confrontation. In recidivist procedures no such special right is involved. Reliance is placed solely on a general fairness approach. The suggested procedural remedy is more drastic in the proof-of-priors circumstance, and even if the desired remedy (two separate jury considerations) is provided there still remains (unless fundamental legislative changes are put into effect) a danger of the deplored influences. The trial of a low-grade misdemeanor in the superior court would raise the eyebrows of a sophisticated juror and would lead him to suspect the true reason. In the codefendant-confession situation, the necessity for separate trials can often be avoided by editing the confession or not using it, and if separate trials are granted, there is little chance of there evolving an indirect route (by juror surmise) to the restricted evidence. As is said in *Spencer* (at pp. 566-568 [17 L.Ed.2d at pp. 615-616]), "The common-law procedure for applying recidivist statutes, . . . which requires . . . proof of past convictions in the current trial, is . . . the simplest and best known procedure . . . . Two-part jury trials . . . have never been compelled . . . as a matter of constitutional law. . . ." The Supreme Court holds that to do so would encroach on the powers of the states to promulgate their own rules of evidence.

Considering the differences inherent in the two situations (chiefly, two separate defendants with legitimate evidence as to one likely to improperly affect the guilt or innocence issue of the other on the one hand; and a single defendant with proof of priors having the chance of emasculating the burden-of-proof rule as to the actual crime charged, on the other hand), we do not feel that *Bruton* and *Aranda* point so strongly to the result for which defendant contends that this court should blaze the trail to it.

██ 2. No error was committed by the court in giving the instruction that defendant had the constitutional right not to testify and that the jury must not draw any inference of guilt from the fact that he does not testify. The record shows that defendant, as well as the prosecution, requested it. (*People* v. *Mason,* 259 Cal.App.2d 30, 40 [66 Cal.Rptr. 601].)

██ 3. Defendant's statement (testified to by Officer Walker): "I have been trying real hard to go straight, I just made a mistake last night," made when the officer stated he was not going to question defendant (because he knew defendant wanted an attorney) and was about to return defendant to his jail cell was spontaneous and voluntary. It was not error to admit the statement. (*Miranda* v. *Arizona,* 384 U.S. 436, 478 [16 L.Ed.2d 694, 725, 86 S.Ct. 1602, 10 A.L.R.3d 974]; *People* v. *Dorado,* 62 Cal.2d 338, 354 [42 Cal.Rptr. 169, 398 P.2d 361].) It is unnecessary to determine if the *Miranda* warning was complete, understood, and waived. However, it appears that it was.

██ 4. It was proper for the prosecution to make a prima facie showing that defendant had suffered convictions and served time for them by documentary proof. ██ Abstracts of the judgments, which show convictions, are official government records. Certified copies are admissible. (Pen. Code, § 969b; *People* v. *Pitts,* 196 Cal.App.2d 841, 844 [16 Cal.Rptr. 879].) ██ The documents in the instant case showed sentences to the state prison. The fact-finder had the right to infer from this that defendant did serve time in prison. Moreover, defendant only objected to the form of this proof. He made no contention that there was any constitutional infirmity in any one of the convictions nor that he had not, in fact, served time on any one of them, which might have led to the taking of further evidence and involved confrontation of witnesses, although not necessarily so.

██ 5. Defendant attempts to liken defense counsel's decision not to argue to the jury to the presentation of a no-merit brief on appeal. He cites *Anders* v. *California,* 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396], and *People* v. *Feggans,* 67 Cal.2d 444 [62 Cal.Rptr. 419, 432 P.2d 21], for the proposition that appellate counsel must argue all debatable issues. These issues, of course, include those of fact and law; normally more of the latter. The analogy is hardly complete. Trial counsel, as is usually the case, throughout the proceeding put prosecution witnesses to the test by cross-examination, raised legal objections and invoked *voir dire* proceedings. Only fact matters, albeit in light of the law, are argued to the jury. It can be a matter of sound tactical trial decision on defense counsel's part to let his testing of the accuracy and reliability of the witnesses, accomplished throughout the trial, speak for themselves, especially in a short case. Moreover, where the guilt evidence against a defendant is overwhelming (as in this case), trial counsel can legitimately conclude that defendant's

only true defense is to be on a crucial legal point on appeal. In such a frame of reference, abstaining from oral argument to the jury does not reduce the entire trial to a sham, which must be the state of affairs to establish prejudicial error. (*People* v. *Ibarra,* 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487].)

The judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 14, 1970.