[Crim. No. 7799. First Dist., Div. One. Jan. 6, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIE WALTER BRADLEY, Defendant and Appellant.

## COUNSEL

Bruce S. Silverman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and John F. Henning, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MOLINARI, P. J.**—Defendant was convicted, following a jury trial, of grand theft (Pen. Code, § 484)[1] with a prior felony conviction. He appeals from that part of the judgment adjudging him to have suffered the prior conviction.[2]

In the instant information, filed on March 15, 1968, defendant was

---

[1]Unless otherwise indicated, all statutory references are to the Penal Code.

[2]In his notice of appeal defendant also appeals from the entire judgment and from the order finding that he was not a narcotic addict following proceedings held pursuant to Welfare and Institutions Code section 3051. The only point raised on appeal, however, is the validity of the finding of the prior conviction. Where the arguments in the briefs are limited to certain parts of the judgment, the appeal from the other parts of the judgment and from other orders besides the judgment will be deemed abandoned. (*Clay* v. *Lagiss,* 143 Cal.App.2d 441, 452 [299 P.2d 1025] *Bonadiman-McCain, Inc.* v. *Snow,* 183 Cal.App.2d 58, 65 [6 Cal.Rptr. 52].)

charged in Santa Clara County with grand theft. The information also alleged that defendant had suffered a prior offense, a felony, alleged to be "petty theft with prior" for which he was granted probation.

At the trial an *in-camera* proceeding was conducted on the issue of defendant's prior conviction. At this hearing the People offered three exhibits, numbered 11, 12 and 13. At the conclusion of these proceedings Exhibit 11 was admitted into evidence. Exhibits 12 and 13 were marked for identification only. Exhibit 12 is a certified copy of an amended information filed in the Alameda County Superior Court on February 23, 1965, in which defendant was charged with grand theft.[3] In that information it was alleged that on December 28, 1964, defendant had been convicted in the Municipal Court for the Oakland-Piedmont Judicial District, County of Alameda, State of California, "of the crime of petty theft, and that in pursuance of said conviction the said defendant served a term in the Alameda County Jail, a penal institution." Exhibit 11 is a certified copy of the "Minute Order re: Probation" in the Alameda County Superior Court, made on March 16, 1966. This order recites that on February 23, 1966, defendant entered a plea of guilty to the "offense of Petty Theft, an offense included within the offense charged in the Amended Information." The order also bears the recital that "Defendant admits having suffered the prior conviction." According to this order imposition of sentence was suspended for three years and defendant was placed on probation subject to certain terms and conditions.[4]

In considering the subject exhibits the trial court indicated on the basis of these documents that as a matter of law defendant, for the purpose of the instant proceedings, had suffered a prior felony conviction and that the jury would be so instructed. At that time the trial judge also indicated that he would not admit Exhibit 12 in evidence because it contained prejudicial matters which ought not to come to the attention of the jury. At the conclusion of the trial the judge instructed as follows: "You are instructed that as a matter of law a plea of guilty to the crime of petty theft and an admission of a prior conviction as evidence in People's Exhibit No. 11, is a felony conviction."

Defendant contends, essentially, that Exhibit 11 is insufficient to support a finding of a prior felony conviction, and that, therefore, in the present case the People did not prove a petty theft conviction with a prior petty theft

[3] In the *in-camera* proceedings it was stipulated that the defendant named in the Alameda County proceedings was the same person charged in the present case.

[4] Exhibit 13 is a certified copy of a proceeding designated "Progress Report" in the Alameda County Superior Court action, under date of June 17, 1966. This report bears the recital "The defendant and his counsel are not present. The Court, thereupon orders the above matter hereby dropped from the calendar."

conviction. The validity of this contention is vital to defendant because under subdivision 3 of section 666 one who has been convicted of petty theft and has served a term therefor in a penal institution is guilty of a felony where he again commits petty theft. In this regard we here note that it is necessary to charge the facts of the previous conviction and to prove them. (*People* v. *King,* 64 Cal. 338, 341 [30 P. 1028]; *People* v. *Dawson,* 210 Cal. 366, 372-373 [292 P. 267].)

■ Initially, defendant urges that the prior conviction was not proved pursuant to section 969b which provides that, for the purpose of establishing prima facie evidence of the fact of a prior conviction and the service of a term therefor in any penal institution, certified copies of the records of any state penitentiary, reformatory, county jail, city jail or federal penitentiary may be introduced as such evidence. This statute is permissive and not mandatory, and it does not restrict the People from other forms of proof to establish the fact of imprisonment for a prior conviction. (*People* v. *Hill,* 67 Cal.App.2d 105, 122 [60 Cal.Rptr. 234, 429 P.2d 586]; *People* v. *Williams,* 223 Cal.2d 676, 679 [35 Cal.Rptr. 805].) Thus, in *Hill, supra,* certified copies of minute orders of the superior court showing a conviction and the sentence imposed for crimes was held prima facie evidence of the judgment of conviction sufficient to prove prior convictions. Moreover, a certified copy of a writing in the custody of a public entity or of an entry in such writing is prima facie evidence of the existence and content of such writing or entry. (Evid. Code, §§ 1530, 1531.)

■ Adverting to the certified copies of the records presented in this case to the trial judge for his preliminary consideration, we note that the copy of the amended information in the Alameda County Superior Court shows that it was alleged therein that defendant had been previously convicted of petty theft in the designated municipal court and that he had served a term in the Alameda County jail, a penal institution, pursuant to said conviction. The minute order (Exhibit 11) states that "Defendant admits having suffered the prior conviction." Although this statement does not expressly indicate that defendant had served a term in the county jail for the previous petty theft conviction, such an inference can be made. The statement obviously has reference to the charge of previous conviction and the term of imprisonment therefor alleged in the amended information. In section 1025 it is provided that "When a defendant who is charged in the accusatory pleading *with having suffered a previous conviction* . . . , he must be asked whether he *has suffered such previous conviction.* If he answers that he has, his answer must be entered in the minutes of the court, and must, unless withdrawn by consent of the court, be conclusive of the fact of his having suffered such previous conviction in all subsequent proceedings." (Italics added.) Accordingly, the reference in

section 1025 to whether a defendant "has suffered such previous conviction" clearly refers to the previous conviction as alleged in the accusatory pleading.

We are persuaded, moreover, that there was no need for the trial court in the Alameda County Superior Court proceedings to state in its minute order with respect to probation that defendant had admitted the prior conviction unless such a conviction had some bearing on the punishment for the substantive offense. The inference is warranted, therefore, that the reference to the previous conviction would not have been employed if the prior conviction was not one which came within the purview of subdivision 3 of section 666.

In view of the foregoing, we conclude that the trial court in the Alameda County Superior Court proceedings determined that defendant was guilty of petty theft after having previously been convicted of petty theft and serving a term of imprisonment therefor. As already pointed out, the subsequent petty theft is a felony. Although the trial court had the option of reducing the crime to a misdemeanor by imposing a county jail sentence (§§ 17, 666, subd. 3), it chose to suspend the imposition of sentence and granted probation. Accordingly, the offense remained a felony and was to be regarded as such for all purposes until judgment or sentence was pronounced. (§ 17; *Meyer* v. *Superior Court,* 247 Cal.App.2d 133, 137 [55 Cal.Rptr. 350]; *People* v. *Banks,* 53 Cal.2d 370, 391 [1 Cal.Rptr. 669, 348 P.2d 102].)

Adverting to the instant case, we first observe that in view of the Alameda County Superior Court's determination that the subsequent crime of petty theft came within the purview of subdivision 3 of section 666, that crime remained a felony until judgment or sentence was imposed. There is nothing in the record to show, nor is it contended, that a sentence to the county jail was ever imposed for that offense, or that any judgment was imposed. Accordingly, since the offense remained a felony, the prosecution was entitled to charge it as a prior in the instant proceedings.

Pursuant to section 1158, whenever a defendant is found guilty of the offense with which he is charged, the jury must find whether a defendant has suffered a previous conviction where such conviction is charged in the accusatory pleading, unless the defendant admits such previous conviction. (See *People* v. *Cooks,* 235 Cal.App.2d 6, 9-15 [44 Cal.Rptr. 819].) In the present case defendant denied the alleged prior conviction. Accordingly, the jury was required to make the finding whether the charge of previous conviction was true. (§ 1158.) Here the certified copy of the minute order and the amended information in the Alameda County Superior Court constituted a prima facie establishment of the prior conviction in that court.

Defendant presented no evidence to overcome or to meet such a prima facie case. Accordingly, no factual issue with respect to the prior conviction was tendered and the question was one of law. Under these circumstances the trial court was justified in instructing the jury that as a matter of law the conviction evidenced by the minute order (Exhibit 11) is a felony conviction.

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.