[Crim. No. 7557. Third Dist. Dec. 11, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM R. LIZARRAGA, Defendant and Appellant.

## COUNSEL

Alfred S. Wright, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Robert D. Marshall and Paul Bishop, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FRIEDMAN, Acting P. J.**—An amended information charged defendant with selling heroin (Health & Saf. Code, § 11352) and also charged a prior conviction of the same offense. Represented by counsel, defendant waived a jury trial, and a date was set for trial before the court, sitting without a jury. On the trial date he appeared and, through counsel, expressed readiness to admit the prior conviction. He was then tried and found guilty. He appeals from the judgment.

Defendant charges constitutional infirmity of the trial court's recitation of the rights he was waiving by admitting the prior conviction. We review the trial court's recitation in the light of the general rule that an intelligent and effective admission of a prior conviction does not occur unless the trial court "specifically and expressly" informs a defendant that his admission is a waiver of three constitutional privileges—the privilege against self-incrimination, the right to trial by jury and the right to confront one's accusers. (*In re Yurko,* 10 Cal.3d 857, 861-863 [112 Cal.Rptr. 513, 519 P.2d 561]; *In re Foss,* 10 Cal.3d 910, 930 [112 Cal.Rptr. 649, 519 P.2d 1073].) Additionally, the court must inform the defendant of

the prior conviction's effect upon his sentence and parole eligibility. (*In re Yurko, supra,* 10 Cal.3d at p. 864.)

■ In this case the trial court conducted a discussion with the apparent design of apprising the defendant, in practical terms, of the effect of his admission. The judge, however, used none of the standard constitutional terminology. He did not, for example, employ terms such as "self-incrimination" and "confrontation." The significant portions of the judge's admonitions are quoted in the margin.[1]

The *Yurko* and *Foss* decisions had their antecedents in *Boykin* v. *Alabama,* 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], and *In re Tahl,* 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]. The requirement for *specific* and *express* enumeration was articulated in *Tahl,* 1 Cal.3d at page 132. We do not interpret the *Tahl* opinion as an ineluctable demand for literal constitutional terminology. Significantly, the *Tahl* opinion permits avoidance of "the recitation of a formula by rote" and calls for "direct evidence" that the accused was aware of his rights. (*Id.* at p. 132.) We interpret *Tahl* to permit recitation in nonlegalistic terms comprehensible to a layman unschooled in legalistic verbiage, if only it is specific. The recitation suffices if it communicates to the defendant the essential character of the constitutional privileges in lay language, provided the message does not require resort to inference.

The judge did not in so many words tell defendant that he was waiving his Fifth Amendment privilege against self-incrimination. The essence of

---

[1]"THE COURT: . . . Now, do you also understand that you have a right to stand on your denial of this prior conviction and require the People to prove this prior conviction beyond a reasonable doubt to the Court through competent evidence? Do you understand that?

"(The defendant nodded his head.)

"THE COURT: And do you understand that, if you admit this prior conviction, in effect, what you are doing is giving up your right to a trial on the issue of whether or not you suffered this prior conviction? Do you understand?

". . . . . . . . . . . . . . . . . . .

"THE COURT: You do understand what I just said about waiving the trial on the question of your prior conviction?

"(The defendant conferred with counsel.)

"DEFENDANT: I understand that.

"THE COURT: And you give up your right to a trial?

"DEFENDANT: Yes.

". . . . . . . . . . . . . . . . . . .

"[THE COURT]: You do understand, do you not, Mr. Lizarraga, that even though you were, in fact, convicted in 1962 of this offense, as alleged in the prior, even if that, in fact, happened, if your conviction occurred under circumstances where you were denied a fundamental right, such as the right to counsel, the right to an attorney, that that prior conviction can't be proved against you? Do you understand that?

"DEFENDANT: Yes, sir."

the privilege is authoritatively described in *Malloy* v. *Hogan,* 378 U.S. 1, 8 [12 L.Ed.2d 653, 659, 84 S.Ct. 1489]: "Governments, state and federal, are thus constitutionally compelled to establish guilt by evidence independently and freely secured, and may not by coercion prove a charge against an accused out of his own mouth." By telling defendant that he had a right to demand a trial at which the prosecution would be required to prove the prior conviction, the trial judge effectively conveyed the essential message of the privilege against self-incrimination.

The judge told defendant that his admission of a prior conviction would be a waiver of his right to have a trial on that issue, but did not mention "jury" or refer to a "right to trial by jury." The procedures laid down in the *Boykin-Tahl-Yurko-Foss* concatenation were formulated in the context of the accused's yet unfulfilled right to a jury trial. Here the procedural context differs, because the accused had already waived a jury.

■ A defendant's waiver of jury trial expresses his consent to a trial of all issues, including a charged prior conviction, before the court sitting without a jury. (*People* v. *Berutko,* 71 Cal.2d 84, 94 [77 Cal.Rptr. 217, 453 P.2d 721]; see also, Pen. Code, § 1025.) ■ When the present defendant appeared for trial, no jury panel stood in the wings. The proceedings occurred as the prelude to an impending trial of all issues (including the charge of prior conviction) before the judge alone. Under these circumstances, there was no reason to inform the accused that he was about to waive for a second time a right already waived. His admission of the prior conviction would be a waiver of his residual right to a nonjury trial on that issue. After an effective waiver of jury trial, the *Boykin-Tahl-Yurko-Foss* requirements are satisfied by an admonition that the concession will be a waiver of the right to a trial. Thus the judge effectively described the second right defendant was waiving.

The trial judge did not in so many words tell defendant that he was waiving "the privilege of confrontation" or "the right to confront his accusers." In a general way the Sixth Amendment right of confrontation is the right of an accused to meet the witnesses against him face-to-face and to cross-examine them. (*Pointer* v. *Texas,* 380 U.S. 400, 403-404 [13 L. Ed.2d 923, 925-927, 85 S.Ct. 1065].) Jurists and commentators debate whether its prime purpose is to assure cross-examination or to prevent hearsay, and if the latter, what kinds of hearsay. (*California* v. *Green,* 399 U.S. 149, 156-160 [26 L.Ed.2d 489, 495-498, 90 S.Ct. 1930] (per White, J.), pp. 172-187 [26 L.Ed.2d pp. 504-514] (per Harlan, J.), pp. 192-194 [26 L.Ed.2d pp. 516-518] (per Brennan, J.); *People* v. *Green,* 70 Cal.2d 654, 660-661 [75 Cal.Rptr. 782, 451 P.2d 422]; *People* v. *Johnson,* 68

Cal.2d 646, 651-657 [68 Cal.Rptr. 599, 441 P.2d 111]; *People* v. *Pierce,* 269 Cal.App.2d 193, 202, fn. 4 [75 Cal.Rptr. 257]; Read, *The New Confrontation—Hearsay Dilemma,* 45 So.Cal.L.Rev. 1-50.) Eventually one winds up with the notion that the precise components and specific demands of the confrontation guaranty must be discerned case-by-case. (Read, *op. cit.,* p. 48.) In fashioning a lucid description of the confrontation privilege for a lay defendant who has expressed a preliminary desire to admit a prior conviction, mindfulness of the mechanics of trial is indispensable.

■ When the accused challenges a prior conviction, the state bears the burden of proving it beyond a reasonable doubt. (*In re Yurko, supra,* 10 Cal.3d at p. 862.) The state may prove the conviction prima facie by introducing in evidence a certified copy of a prison record, a certified copy of court minute orders or an abstract of the judgment. (Pen. Code, § 969b; *People* v. *Hill,* 67 Cal.2d 105, 121-122 [60 Cal.Rptr. 234, 429 P.2d 586]; *People* v. *Bradley,* 3 Cal.App.3d 273, 275-276 [83 Cal.Rptr. 234]; *People* v. *Spearman,* 1 Cal.App.3d 898, 905 [82 Cal.Rptr. 277].) All these documents are hearsay but admissible under exceptions to the hearsay rule. The recorders of these entries are not in court and not available for cross-examination.[2]

Despite its hearsay character and notwithstanding the unavailability of witnesses, documentary proof of a prior conviction does not violate the confrontation guaranty. (*People* v. *Bryan,* 3 Cal.App.3d 327, 345 [83 Cal.Rptr. 291]; *People* v. *Coyle,* 88 Cal.App.2d 967, 978 [200 P.2d 546] (cert. den., 337 U.S. 909 [93 L.Ed. 1721, 69 S.Ct. 1042]); *People* v. *Purcell,* 22 Cal.App.2d 126, 132 [70 P.2d 706]; *People* v. *Russell,* 131 Cal. App. 646 [21 P.2d 959].) The rationale is that the confrontation rule permits some limited varieties of hearsay evidence (*Pointer* v. *Texas, supra,* 380 U.S. at p. 407 [13 L.Ed.2d at p. 928]) including public documents (*Dowdell* v. *United States,* 221 U.S. 325, 329-330 [55 L.Ed. 753, 756-757, 31 S.Ct. 590]; 23 C.J.S., Criminal Law, § 1000). Because the issue is provable by documents, advice that the defendant's waiver will cost him a face-to-face meeting with the prosecution's flesh-and-blood witnesses generates far more confusion than clarity.

The procedural agenda for trying a charge of prior conviction opens with the prosecution's offer of the record of conviction. A second stage is reached when and if the defendant assumes the burden of producing de-

---

[2]Indeed, a recent decision suggests possibilities of undue prejudice if the prosecution seeks to prove a prior conviction by a flesh-and-blood witness. (*People* v. *Malloy,* 41 Cal.App.3d 944, 951-952 [116 Cal.Rptr. 592].)

fensive evidence, e.g., to show constitutional infirmity; if he assumes that burden, a third stage is reached at which the prosecution may offer rebuttal evidence. (*People* v. *Coffey,* 67 Cal.2d 204, 217 [60 Cal.Rptr. 457, 430 P.2d 15]; *People* v. *Nugent,* 18 Cal.App.3d 911, 915 [96 Cal.Rptr. 209].) Only in the third stage is there any occasion for a face-to-face meeting with live prosecution witnesses.

When, as here, the defendant makes a preliminary declaration of intent to admit the prior conviction, he implicitly acknowledges that the procedural agenda will not be followed. He effectually acknowledges that he has no defense to offer, that there will be no occasion for rebuttal, hence no need for live witnesses. To fill out the personal assurances necessary to a knowledgeable waiver, the trial court need only inform the defendant that he does indeed have a right to force the prosecution to produce the record of the prior conviction and a right to contest its validity. Upon a knowledgeable waiver of these rights, there is no need to warn the defendant that he is surrendering the right to cross-examine live witnesses, because the agenda will never reach that stage.

Here the trial court informed defendant that despite the prior conviction's existence, he had a right to contest it. Defendant disclaimed any desire for contest. There would be no rebuttal, no cross-examination, no occasion for confrontation, hence no real need to mention confrontation.

Although the trial court's admonition told defendant all that was realistically necessary to a knowledgeable waiver, we find in it no "specific and express" description of the confrontation privilege. In calling for that kind of description, the *Yurko* and *Foss* opinions pay no apparent heed to the specifics of the confrontation privilege in the trial of a contested prior conviction. Recognizing the absence of a "specific and express" warning, we prefer to believe that the Supreme Court was not interested in a ritualistic description of a redundant right to cross-examine witnesses who would never enter the courtroom. We conclude that the trial court's recital adequately comprehended all the rights actually involved in the waiver.

There is no merit to defendant's claim that his conviction inflicted cruel or unusual punishment by penalizing him for his status as a narcotics addict. (*People* v. *Omori,* 25 Cal.App.3d 616, 617-619 [102 Cal.Rptr. 64]; *People* v. *Zapata,* 220 Cal.App.2d 903, 905-907 [34 Cal.Rptr. 171].)

Defendant's prior conviction of heroin sale evoked the penalty prescribed in Health and Safety Code section 11352, subdivision (b), which calls for a sentence of 10 years to life and prohibits release upon

parole for 10 years. The provision precluding release on parole for 10 years is invalid as a violation of the constitutional prohibition against cruel or unusual punishment. (Cal. Const., art. I, § 6; *In re Foss,* 10 Cal.3d 910 [112 Cal.Rptr. 649, 519 P.2d 1073].)

The judgment is modified to direct the Adult Authority to grant parole consideration to defendant at such time as is otherwise appropriate under the law. The remittitur will direct the trial court to furnish the Adult Authority with an amended abstract of judgment reflecting that modification. Except as so modified, the judgment is affirmed.

Janes, J., and Paras, J., concurred.

A petition for a rehearing was denied January 6, 1975, and appellant's petition for a hearing by the Supreme Court was denied February 26, 1975.