Filed 3/17/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRELAND BRIAN JONES,<br><br>    Defendant and Appellant. | 2d Crim. No. B337778<br>(Super. Ct. Nos. 23F-07385)<br>(San Luis Obispo County) |

A defendant confined in jail in county one, cannot willfully fail to appear, as ordered, in county two. Such a defendant does not "fail" to appear. He cannot appear. He should not suffer a penalty for not appearing.

Freland Brian Jones appeals a judgment following his no contest plea to corporal injury to a spouse/cohabitant, (Pen. Code,[1] 273.5 subd. (f)(1), a felony. Pursuant to a plea agreement and *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*), the trial court agreed to impose a sentence of probation provided inter alia that appellant would appear at a future sentencing hearing. If he did

---

[1] All statutory references are to the Penal Code unless otherwise stated.

1

not appear for sentencing it would sentence him to four years in prison. Appellant did not appear at his sentencing hearing because he was in jail on another case in another county. The trial court found appellant violated his *Cruz* waiver obligations by willfully failing to attend the sentencing hearing. It imposed a four-year prison sentence. As indicated, he did not willfully fail to appear. In addition, the prosecutor did not present sufficient evidence to show appellant willfully failed to appear for sentencing.

FACTS AND PROCEDURAL HISTORY

On December 5, 2023, appellant entered a no contest plea to count 1 corporal injury to a spouse/cohabitant, and to count 2 violating a court order. The trial court accepted a negotiated plea with a proposed sentence of felony probation. The judge advised appellant that if he did not return for sentencing or "committed a new law violation while you're out pending sentencing, you could be sentenced to up to four years in state prison."[2]

Appellant did not appear for the January 16, 2024 sentencing hearing. The trial court indicated it would issue a warrant. Appellant's defense counsel told the court appellant was in custody in Fresno. "[T]his is not a willful failure to appear." The court responded, "So I will issue and hold the warrant."

On May 7, 2024, the court held a hearing on the alleged violation. The prosecutor did not present any witnesses. She claimed appellant violated his *Cruz* waiver by not attending the sentencing hearing because he pled guilty to an offense pursuant to section 166, subdivision (c)(1) in Fresno County. "[T]he offense

[2] This second condition is something in addition to a traditional "Cruz" waiver.

date being January 9, 2024." The prosecutor claimed she could prove the violation with four exhibits, a California Law Enforcement Telecommunications System (CLETS) report, and three documents from the Fresno superior court.

Appellant's counsel argued that a *Cruz* waiver violation had not taken place. He said the conviction "was from [an] incident that preexisted or predated the *Cruz* waiver violation." Appellant's counsel claimed the prosecutor was trying to introduce inadmissible hearsay, the CLETS record did not show the alleged conviction, and that the three Fresno superior court documents were not certified court records.

The trial court ruled, "I am finding a violation of the *Cruz* waiver." Because of that, "I am going to deviate from the plea agreement." Appellant was sentenced to a four-year prison term.

### *"Cruz Waiver"*

In *People v. Cruz*, *supra*, 44 Cal.3d at page 1249, our Supreme Court held a defendant who pleads guilty pursuant to a plea bargain that is subsequently disapproved by the trial court for the defendant's failure to appear is entitled to withdraw his or her plea. But "if the defendant *willfully fails to appear for sentencing* the trial court may withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term. Any such waiver, of course, would have to be obtained at the time of the trial court's initial acceptance of the plea, and it must be knowing and intelligent." (*Id.*, at p. 1254, fn. 5, italics added.)

At the time of the plea hearing, appellant was advised that if he did not appear for sentencing he could be subject to a sentence of four years in prison. He agreed to those terms.

3

Whether he willfully failed to appear for sentencing was an issue of fact that had to be proved.

*Willful Failure To Appear*

The People had the burden to prove by admissible evidence that appellant willfully failed to appear for sentencing.  (*People v. Quarterman* (2012) 202 Cal.App.4th 1280, 1292; *People v. Lizarraga* (1974) 43 Cal.App.3d 815, 820 (*Lizarraga*).)

Appellant contends his non-appearance was not willful because it involved "circumstances beyond his . . . control." (*People v. Cervantes* (2009) 175 Cal.App.4th 291, 295.)  The People argued that appellant was in jail because he committed a crime after the date of the initial plea hearing in San Luis Obispo County, and he therefore willfully failed to appear because that conduct involved circumstances under his control.  Appellant's counsel disputed the prosecutor's claims that he committed a crime after the plea hearing and he objected saying the prosecutor failed to present any admissible evidence to support its claim.

The prosecutor did not present a witness or file any declarations.  Instead, the only "proof" offered was based upon four documents.  The prosecutor presented a CLETS rap sheet document that was received by the District Attorney's Office (Exhibit 1), a plea form (Exhibit 2), an information sheet (Exhibit 3) and a minute order from a Fresno superior court (Exhibit 4).

Appellant's counsel specifically objected to the CLETS document because it did not show a conviction and the case numbers were different from the case number on the court documents the People wanted to introduce.  The prosecutor conceded that the CLETS document did not show a conviction and it was not currently up to date.  Consequently, it did not

4

prove what the prosecutor claimed it would prove. The defense objection to Exhibit 1 was meritorious.

Exhibits 2, 3, and 4 were noncertified records from a Fresno superior court. "Our Supreme Court has indicated that the contents of uncertified records alone cannot be sufficient to support a finding of authenticity." (*People v. Gonzalez* (2019) 42 Cal.App.5th 1144, 1151 (*Gonzalez*).) Using uncertified court records are not sufficient "to satisfy the prosecutor's burden of establishing the documents were authentic conviction records . . . ." (*Ibid.*)

The prosecutor apparently believed that presenting noncertified court documents was sufficient, by itself, to use as admissible prima facie evidence against appellant. But our Supreme Court has rejected that claim by holding a "noncertified copy, by itself, is *not reliable enough* to constitute such prima facie evidence." (*People v. Skiles* (2011) 51 Cal.4th 1178, 1186-1187, (*Skiles*) italics added.)

Consequently, the defense objection to the admission of those three uncertified court records should have been sustained and the trial court erred by admitting them. (*Skiles, supra*, 51 Cal.4th at p. 1187; *People v. Delgado* (2008) 43 Cal.4th 1059, 1066 [" '[The] trier of fact is entitled to draw reasonable inferences from certified records . . . .' "]; *Gonzalez, supra*, 42 Cal.App.5th at p. 1151 ["the trial court erred in admitting uncertified, unauthenticated exhibits as proof that appellant suffered a prior conviction"]; *People v. Haney* (1999) 26 Cal.App.4th 472, 475; *Lizarraga, supra*, 43 Cal.App.3rd at p. 820; *People v. Cuevas* (1967) 250 Cal.App.2d 901, 909 [uncertified court records were not admissible]; § 969b.)

Moreover, "the use of a record of a prior conviction to prove any fact other than the fact of conviction violates the Sixth Amendment." (*People v. Garcia* (2020) 46 Cal.App.5th 123, 171.) "The date of the commission of a crime is a fact that 'can be primarily established only by witnesses.'" (*Id.* at p. 172.) The prosecutor failed to produce any witnesses or other evidence. The trial court consequently erred by admitting the uncertified documents, by finding a willful failure to appear for sentencing and by sentencing appellant to four years in prison. This does not "end" the matter. Upon a proper evidentiary showing, the trial court may again impose the four-year prison term. (Cf., *People v. Seel* (2004) 34 Cal.4th 535, 550.)

DISPOSITION

The judgment is reversed. The matter is remanded to superior court for proceedings consistent with this opinion's statements of law.

<u>CERTIFIED FOR PUBLICATION</u>.


YEGAN, Acting P. J.

We concur:


BALTODANO, J.


CODY, J.

6

Matthew G. Guerrero, Judge

Superior Court County of San Luis Obispo

_____

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Nicholas J. Webster and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.