[Crim. No. 38059. Second Dist., Div. One. Feb. 27, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
HUSEY OLAN ENGLISH, JR., Defendant and Appellant.

COUNSEL

Allan M. Rosenthal, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and Donald J. Oeser, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

HOGAN, J.*—Defendant Husey Olan English, Jr., appeals from the judgment entered following a jury trial that resulted in his conviction of involuntary manslaughter, a violation of Penal Code section 192.

### STATEMENT OF THE CASE

By an amended information filed by the District Attorney of Santa Barbara County, defendant Husey Olan English, Jr. (appellant) was charged in count I with manslaughter, a violation of Penal Code section 192. It was further alleged in the commission and attempted commission of the offense, that defendant personally used a firearm, to wit, a .25 caliber pistol, within the meaning of Penal Code section 12022.5. By way of special allegations, it was alleged defendant had a prior conviction for possession of stolen property, a violation of Penal Code section 496, subdivision 1, and served a term of imprisonment therefor; and, it was alleged defendant had a prior conviction for the violation of Penal Code section 459 in the second degree, and served a term of imprisonment therefor. Defendant was arraigned and pleaded not guilty. Defendant further denied the alleged priors and special allegations.

Prior to trial defendant admitted the two prior felony convictions. Trial was by jury, and defendant was found guilty of involuntary manslaughter, a violation of Penal Code section 192. The jury further found to be true the allegation that defendant personally used a firearm during the commission of the charged offense, within the meaning of Penal Code section 12022.5.

Probation was denied. The trial court determined there were no circumstances in aggravation or mitigation and defendant was sentenced to state prison for the middle term of three years for the offense. Any

*Assigned by the Chairperson of the Judicial Council.

enhancement of defendant's term pursuant to the jury's finding on Penal Code section 12022.5 was stricken. Defendant's term was enhanced by two years, one year each for the two prior convictions charged and found pursuant to Penal Code section 667.5, subdivision (b). Thus, defendant's total term was fixed at five years.

Further elaboration on the facts is not necessary to our disposition of this matter.

Defendant appeals from the judgment of conviction, and in particular, is appealing the additional two years of enhancement which were imposed for the two prior felony convictions.

## APPELLANT'S CONTENTIONS

1. The trial court committed reversible error in failing to specifically advise appellant of his rights regarding the admission of the two alleged prior felony convictions.

2. Appellant's sentence was improperly enhanced since the special allegations did not specify that the two prior convictions were separately served.

## DISCUSSION

### WAS APPELLANT PROPERLY ADVISED OF HIS RIGHTS REGARDING THE ADMISSION OF THE TWO ALLEGED PRIOR FELONY CONVICTIONS?

It is well settled that a criminal defendant must be advised of, and must waive, three specific constitutional rights before his guilty plea is accepted by the court. (*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].) The three enumerated rights are the privileges against self-incrimination, the right to confrontation of witnesses, and the right to a jury trial.

The mandate of *Boykin* and *Tahl* has been extended to the situation of a defendant's admission that he suffered a prior felony conviction by *In re Yurko* (1974) 10 Cal.3d 857, 861-863 [112 Cal.Rptr. 513, 519 P.2d 516]. At page 863 the Supreme Court stated: "We conclude that

*Boykin* and *Tahl* require, before a court accepts an accused's admission that he has suffered prior felony convictions, express and specific admonitions as to the constitutional rights waived by an admission. The accused must be told that an admission of the truth of an allegation of prior convictions waives, as to the finding that he has indeed suffered such convictions, the same constitutional rights waived as to a finding of guilt in case of a guilty plea."

The accused must also be advised of the penalties he will incur as a result of his admission. (*In re Yurko, supra,* pp. 863-864; *People* v. *Johnson* (1978) 77 Cal.App.3d 866, 874 [143 Cal.Rptr. 852].)

In light of the above, the record here must be examined.

The colloquy between the court, counsel and the defendant in regards to the prior felony convictions was as follows:

"THE COURT: All right. Now, are there any special allegations that are to be admitted outside the hearing of the jury?

"MR. JENNINGS: (defense counsel) Yes, Your Honor, the allegations of the priors against Mr. English.

"THE COURT: All right. There is a first special allegation to Count I that he used a firearm. The second special allegation then that in 1976 he was convicted of a violation of section 459 of the Penal Code. Is that the special allegation?

"MR. JENNINGS: Yes, Your Honor.

"THE COURT: Mr. English, under our present system, when a special allegation is charged, that you have committed a prior felony, in this case charging you with having been convicted in April, 1976, in the Superior Court, County of Los Angeles, of the crime of 459 of the Penal Code, when that is pleaded, it affects the punishment that may be given, if the jury convicts you of the crime.

"Do you understand that:

"MR. ENGLISH: Yes, sir.

"THE COURT: And that you are entitled to have a jury trial on that special allegation and have the jury decide whether you, in fact, were convicted in 1976 and served a term in prison for that or not. Your counsel indicates you do not want to have the jury try that, but, rather, you wish to admit that you did suffer that conviction. Is that your desire?

"MR. ENGLISH: Yes, sir.

"THE COURT: And you understand that as to that one part, that special allegation, it alleges you were previously convicted of that felony, and you are entitled to all of the same rights that go with the trial; to have your attorney present during the hearing on that issue, the trial on that issue, to present evidence yourself, to testify or not testify, as you choose, to summon, call other witnesses to be present, confront and cross-examine witnesses, and to have the jury decide the issue. Do you understand all of those rights as to that special allegation, and by admitting it, you are giving up all those rights. Are you willing to do that?

"MR. ENGLISH: Yes, sir.

"THE COURT: And does counsel join?

"MR. JENNINGS: Yes. Join.

"THE COURT: Is there any other waiver I need to take?

"MR. WEISER: (deputy district attorney) There is a second allegation, your honor, that the defendant was convicted on the 20th of December, 1976, in the Superior Court of Sacramento, County of Sacramento, of violation of 496.1 of the Penal Code.

"THE COURT: That's right. That special allegation alleged two prior convictions.

"MR. WEISER: There is an amended complaint that was filed with the court on August 28 which separates the offenses into two separate special allegations.

"MR. ENGLISH: They ran concurrent. Are you talking about the receiving and the burglary?

"THE COURT: I was looking at the original information and not the amended information. The form has been changed slightly, in that it separates the two into two separate special allegations, and you'd be entitled to a trial with all the rights that we just went over as to each one of those two. Do you understand that, and is it your desire to waive all the rights we just went through as to both of those two special allegations; first, the one conviction on the 20th day of December, 1976, in Sacramento, a violation of section 496.1 of the Penal Code. Do you admit that?

"MR. ENGLISH: Yes.

"THE COURT: And the special —

"MR. ENGLISH: That's receiving?

"THE COURT: That was a violation of 496.1

"MR. WEISER: That's receiving stolen property.

"THE COURT: And the second one is on or about the 20th day of April, 1976, in the County of Los Angeles, of the crime of section 459 of the California Penal Code, in the second degree. That's second degree burglary, and do you admit that?

"MR. ENGLISH: Yes, sir.

"THE COURT: All right. Does counsel join in the waivers?

"MR. JENNINGS: Yes."

Appellant contends that the procedural rules mandated by *In re Yurko, supra*, 10 Cal.3d 857, were not followed in two specific instances. *First*, a specific advisement as to how appellant's punishment would be enhanced; and *second* there were no specific advisements of any kind regarding the second alleged prior felony conviction relating to appellant. ■ We find no merit in this second contention, because as shown, when the trial judge noticed that the amended information separated the alleged priors into two separate special allegations he informed appellant that "...you'd be entitled to a trial with all the rights that we just went over as to each one of those two. Do you under-

stand that, and is it your desire to waive all the rights we just went through as to both of those two special allegations; . . ." This admonishment was made immediately after the court had specifically enumerated defendant's rights regarding the admission of the first prior felony conviction. The court's admonition advising defendant that he had the same rights regarding the admission of the second prior conviction as he had for the first prior conviction would, by implication, inform defendant the admission would affect his punishment.

In the case of *In re Ronald E.* (1977) 19 Cal.3d 315, at page 320 [137 Cal.Rptr. 781, 562 P.2d 864], the Supreme Court stated: "Finally, in *In re Yurko* [citation], we noted that the admonishments with respect to the privilege against self-incrimination and the rights to a jury trial and to confront witnesses were constitutionally compelled, as distinguished from the admonishments with respect to the other rights mentioned in *Tahl*. We announced a judicially declared rule of criminal procedure requiring a court to admonish an accused as to the consequences of an admission which may subject him to severe sanctions. Unlike an uninformed waiver of the specified constitutional rights which renders a plea or admission involuntary and requires that it be set aside, an uninformed waiver based on the failure of the court to advise an accused of the consequences of an admission constitutes error which requires that the admission be set aside *only if the error is prejudicial to the accused.*" (Italics added; fn. omitted.)

█ While the trial court here did not advise defendant of the precise time period that the admission of the priors would increase his sentence, there was not a total lack of advisement that the admissions would affect the sentence. The trial judge clearly advised defendant that the admission of a prior felony "affects the punishment that may be given, if the jury convicts you of the crime."

Although the trial court's admonishment as to the affect on punishment the admissions might have is not to the precise increase in the term envisioned in *In re Yurko, supra,* 10 Cal.3d at page 864, if any error does exist it is harmless error which does not require the setting aside of the admission of the prior felonies. In determining harmless error, the court, in *In re Ronald E., supra,* 19 Cal.3d at pages 325-326, deemed it significant that the petitioner "provides us with no basis for a belief that had he been properly admonished he would have entered a different response to the allegations of the petition." In the case here, appellant does not contend, nor does the record indicate, that if the trial

judge had admonished appellant that the admission of each prior would enhance his sentence by one year, that appellant would not have admitted the priors. Furthermore, the well known tactical reasons for not submitting the issue of the truth of the priors to the jury indicate that even such a precise admonishment would not have prompted a denial of the allegations. Thus, if any error was committed by not giving a precise admonishment, the error was harmless.

■ Appellant makes a further argument that the trial court's advisement regarding the priors failed to advise appellant of his right against self-incrimination. Appellant points to the following statement by the trial court "...to testify or not testify, as you choose" was not clear nor sufficient to advise appellant that he had a constitutional right against self-incrimination.

It is clear that the right against self-incrimination must be specifically and expressly enumerated to support an intelligent and effective admission of a prior conviction. While the advisement by the trial judge here was not per se, in optimum legalistic constitutional terminology, did it communicate to the defendant the essential character of the constitutional privilege in lay language, or did it require resort to inference? In *People* v. *Johnson, supra*, 77 Cal.App.3d at pages 875-876, the court stated: "We do not interpret the *Tahl* opinion as an ineluctable demand for literal constitutional terminology. Significantly, the *Tahl* opinion permits avoidance of 'the recitation of a formula by rote' and calls for 'direct evidence' that the accused was aware of his rights. (*Id.*, at p. 132.) We interpret *Tahl* to permit recitation in nonlegalistic terms comprehensible to a layman unschooled in legalistic verbiage, if only it is specific. The recitation suffices if it communicates to the defendant the essential character of the constitutional privileges in lay language, provided the message does not require resort to inference." This language was cited from *People* v. *Lizarraga* (1974) 43 Cal.App.3d 815, 818 [118 Cal.Rptr. 208].)

Here, the trial court admonished defendant that as to the alleged priors he was entitled to the same rights that go with the trial, to have his attorney present, to present evidence, and "to testify or not testify, as you choose." We do not find that this language requires resort to inference. The admonishment conveyed the essential character of appellant's privilege against self-incrimination to him in nonlegalistic terms comprehensible to a layman. Appellant contends the wording of this admonishment is ambiguous, it might be referring to appellant's

right of confrontation of witnesses. As we read the admonishments given by the trial court, there is no ambiguity in this regard. The trial judge stated: "...to present evidence yourself, to testify or not testify, as you choose, to summon, call other witnesses to be present, confront and cross-examine witnesses,..." Clearly, appellant was advised he had a constitutional right "to testify or not to testify, as you choose" and to "confront and cross-examine witnesses." We see no ambiguity therein.

We find that the admonishment given appellant "to testify or not to testify, as you choose" satisfies the *In re Yurko, supra,* 10 Cal.3d at page 860, requirements that the accused be advised of his constitutional privilege against self-incrimination.

Appellant seeks an unqualified reversal of his conviction based upon the alleged *Yurko* errors as discussed herein. While we find that appellant was properly advised of his rights regarding the admissions of his two prior felony convictions, if any error did occur at the trial court, appellant's remedy is limited to remanding the case for a limited new trial on that part of the judgment concerning the two prior felony convictions. (*People* v. *Fisk* (1975) 50 Cal.App.3d 364, 372-373 [123 Cal.Rptr. 414]; *People* v. *Hernandez* (1979) 100 Cal.App.3d 637, 642-643 [160 Cal.Rptr. 607].)

For the reasons stated, we find that appellant was properly advised of his rights regarding the admission of the two alleged prior felony convictions.

### ■ WAS APPELLANT'S SENTENCE IMPROPERLY ENHANCED SINCE THE SPECIAL ALLEGATIONS DID NOT SPECIFY THAT THE TWO PRIOR CONVICTIONS WERE SEPARATELY SERVED?

The trial court enhanced defendant's term by two years, one year each for the two prior convictions charged and found pursuant to Penal Code section 667.5, subdivision (b).

The special allegation for each of appellant's two alleged prior felony convictions does not state that appellant was sentenced and served separate prison terms for each of the two alleged prior convictions. Appellant has always maintained the alleged priors involved concurrent terms of imprisonment. The respondent does not contest appellant's contention that the alleged priors involved concurrent terms of impris-

onment. At the time of sentencing the prosecution maintained that the two priors were appropriate in enhancing appellant's sentence since each conviction was for a separate crime in a separate county.

At the time of sentencing, in regards to the enhancement, the trial judge stated: "As to the prior convictions, the defendant has admitted a prior conviction in December of 1976 in Sacramento County and a prior conviction in April 1976 in Los Angeles County, and that he served a time of imprisonment on each of those convictions. The court would find, therefore, that the term of one year for each should be added to the middle term, making a total of five years...."

The amended information here did not charge that defendant had served separate prison terms for the two convictions, nor did the trial judge here make any findings that defendant had served concurrent or separate sentences. The trial judge at the time of sentencing did not state that defendant had served "separate" sentences.

By his admissions of the two prior felony convictions, defendant here can only be held to have admitted as great a charge as is contained in the amended information. (*In re Tartar* (1959) 52 Cal.2d 250, 256 [339 P.2d 553].) Absent an allegation in the amended information that defendant served "separate" terms for the prior convictions, his admission of the allegations cannot be construed as an admission to that effect.

In its brief, respondent concedes that appellant's conviction should be enhanced by one year on the basis of appellant's admitted prior convictions. In two recent decisions, as pointed out by respondent, the appellate courts have held that defendant's sentences were properly enhanced by one year based upon multiple prior convictions that were served concurrently. (*People* v. *Burke* (1980) 102 Cal.App.3d 932, 942-943 [163 Cal.Rptr. 4]; *People* v. *Williamson* (1979) 90 Cal.App.3d 164, 171 [153 Cal.Rptr. 48].)

Appellant contends that all enhancements here because of the alleged prior felony convictions should be stricken. Appellant relies on *People* v. *James* (1978) 88 Cal.App.3d 150 [151 Cal.Rptr. 354]. In *James* the court struck a three-year enhancement because, in addition to the fact that defendant did not admit serving separate terms, the information failed to allege that defendant had been convicted of a violent felony as required under Penal Code section 667.5, subdivision (a). Thus, the

*James* case is distinguishable in that the three-year enhancement was struck for multiple reasons rather than merely the serving of separate prison terms.

Inasmuch as appellant's prior felony convictions were served concurrently, his conviction here should be enhanced by only one year. The trial court erred in enhancing his conviction by two years.

### DISPOSITION

For the foregoing reasons the judgment is modified in the following respects: that part of the judgment imposing an additional two years for enhancements because of the two prior felony convictions is modified to reflect one year as the enhancement for the two prior felony convictions, so that defendant's total sentence is four years.

As modified the judgment is affirmed.

Spencer, P. J., and Lillie, J., concurred.