[Crim. No. 4337. Fifth Dist. Oct. 16, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
RAYMOND J. CASAREZ, Defendant and Appellant.

642

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Antonia D. Radillo, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Ramon de la Guardia and Michael J. Weinberger, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WOOLPERT (W. R.), J.\***—After his guilty plea to the charge of robbery (Pen. Code, § 211)[1] and the submission on the transcript of the preliminary hearing of the allegation of being armed with a firearm

---

\*Assigned by the Chairperson of the Judicial Council.

[1]Hereinafter all references are to the Penal Code.

(§ 12022, subd. (a)), appellant was convicted and sentenced to prison. The appeal is "from the judgment of conviction based solely upon grounds occurring after the plea which do not challenge the validity of the plea." He seeks a "*limited new trial*" on the enhancement, conceding that "the court properly advised him and that he properly waived his rights to the robbery charge prior to his guilty plea." His sole contention is that his rights were not properly waived as to the enhancement.

The crime committed was the modern classic robbery. Two men entered a Seven-Eleven store, one being armed. As appellant admitted, he "just grabbed some change out of a cash register." And then, as to arming: "Oh, yeah, well, the other guy had the gun." Appellant, perhaps not realizing the significance of the "other guy" having the gun in a two-man robbery, was happy to submit the armed allegation on the transcript plus several pictures which clearly showed that the other man held the gun that was pointed at the store clerk.

Not expecting to receive an extra year because of his partner's use of the gun (and therefore his own "being armed"), appellant sought a certificate of probable cause, alleging that his attorney had promised him that his plea would result in the arming allegation being dropped. **(1)** The court denied the certificate because the claim of error did not appear in the record. There being no assertion that the prosecution or court had been involved in such a "promise," the ruling was correct because "purported misrepresentations of defense counsel that a specific sentence will be imposed are insufficient to vitiate a plea entered in reliance thereon; ..." (*People* v. *Reeves* (1966) 64 Cal.2d 766, 776 [51 Cal.Rptr. 691, 415 P.2d 35].)

■ Although the trial court was not presented the waiver of rights argument which we examine, *Boykin* error (*Boykin* v. *Alabama* (1969) 395 U.S. 238, 242-244 [23 L.Ed.2d 274, 279-280, 89 S.Ct. 1709]) is sometimes reviewed without a section 1237.5 certificate of probable cause. (*People* v. *Ribero* (1971) 4 Cal.3d 55, 63 [92 Cal.Rptr. 692, 480 P.2d 308].) In the case of a postplea determination of the degree of the crime it is not necessary to obtain the certificate if the proceedings are challenged. (*People* v. *Ward* (1967) 66 Cal.2d 571, 576 [58 Cal.Rptr. 313, 426 P.2d 881].) We therefore have a plea and postplea combination which permits review without the certificate.

## THE PROBLEM

We must determine whether an enhancement under the determinate sentencing law is merely a part of the principal charge (merged in the taking of a plea), as contended by the respondent, or a separate "thing" called an enhancement which requires the full legal treatment afforded offenses when pleas or submissions are taken. Here the plea to the robbery charge was more than routinely taken by the trial judge. Appellant comments that "[t]he trial court extensively and meticulously advised and secured from appellant his waiver to his constitutional rights prior to the guilty plea on the robbery." But then, it is complained, the court didn't even "refer" to those rights in agreeing to the submission of the armed allegation on the transcript and certain pictures.

Two cases have illustrated the uncomfortable legal position of enhancements in our current determinate sentencing scheme of criminal procedure. In the earlier case, a section 995 motion was not permitted to challenge the great bodily injury enhancement defined in section 12022.7. The enhancement was said not to constitute an "offense," relating as it does more to penalty. (*People* v. *Superior Court (Grilli)* (1978) 84 Cal. App.3d 506, 512 [148 Cal.Rptr. 740].) The opposite position is taken in *Ervin* v. *Superior Court* (1981) 119 Cal.App.3d 78, 83-86 [173 Cal.Rptr. 208].)

The *Ervin* court mentions a "most troubling argument" in reference to the "confusion caused by splitting an enhancement from its underlying offense." (*Id.*, at p. 88.) It concludes that for section 995 purposes the appropriate place for the enhancement is "alongside the underlying offenses." (*Id.*, at p. 89.)

Our problem is the "troubling" one resulting from the taking of a plea and the leaving of something yet to be done in the way of evidence. The acceptance of the plea to the felony and the submission of the arming enhancement on the transcript truly amounts to a splitting of the enhancement from the underlying felony. This creates no problem if the parties to the arrangement are able to fit the *Boykin* waivers into the usual script.

It is apparent that there is some impatience with the strictness of the waiver rules. In one case a desire to permit a recitation "in nonlegalistic terms comprehensible to a layman unschooled in legalistic verbiage" was the basis for a finding of appropriate waivers even though no words

similar to "self-incrimination" were used. (*People* v. *Lizarraga* (1974) 43 Cal.App.3d 815, 818 [118 Cal.Rptr. 208].) The effort was criticized or distinguished in later cases. (*People* v. *Pimentel* (1979) 89 Cal. App.3d 581, 587 [152 Cal.Rptr. 519]; *People* v. *Johnson* (1978) 77 Cal.App.3d 866, 875 [143 Cal.Rptr. 852].) We also addressed the problem of incomplete waivers and held that no inference is permissible to remedy the omission of specific and express waivers. (*People* v. *Hernandez* (1979) 100 Cal.App.3d 637, 642 [160 Cal.Rptr. 607].)

We quote the major statement of the rule which we must follow as announced in the "submission" case which erased much of the distinction between a "slow plea" and a contested submission, *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086].) "Therefore, although some of our requirements are not constitutionally compelled, we have concluded that effective upon the date on which this opinion becomes final, in all cases in which the defendant seeks to submit his case for decision on the transcript or to plead guilty, the record shall reflect that he has been advised of his right to a jury trial, to confront and cross-examine witnesses, and against self-incrimination. It shall also demonstrate that he understands the nature of the charges. Express waivers of the enumerated constitutional rights shall appear. In cases in which there is to be a submission without a reservation by the defendant of the right to present evidence in his own defense he shall be advised of that right and an express waiver thereof taken. If a defendant does not reserve the right to present additional evidence and does not advise the court that he will contest his guilt in argument to the court, the defendant shall be advised of the probability that the submission will result in a conviction of the offense or offenses charged. In all guilty plea and submission cases the defendant shall be advised of the direct consequences of conviction such as the permissible range of punishment provided by statute, registration requirements, if any (e.g., [Pen. Code] § 290; Health & Saf. Code, § 11590), and, in appropriate cases the possibility of commitment pursuant to Welfare and Institutions Code, sections 3050, 3051, or 6302."

To appreciate the consequences of dividing the charges into two parts, it is important that the procedure provided by statute be understood. If the enhancement is that of a prior prison term as defined in section 667.5, or a "prior conviction" as for many years it has been entitled in section 1025, the procedure provided by section 1025 makes it clear that there may be a jury trial as to the current offense *and* the prior conviction and term. Then, if there is a guilty plea only to the of-

fense charged, the prior conviction must be tried by a "jury impaneled for that purpose, or by the court if a jury is waived." (§ 1025.)

An entirely different proceeding applies to the armed or use enhancement. Section 969c requires that this charge be added to and be a part of the count which charges the offense. If the defendant pleads not guilty, the enhancement must be tried by the court or jury which tries the issue upon the plea of not guilty. However, "[i]f the defendant pleads guilty of the offense charged the question whether or not he used a weapon or was armed with a firearm as alleged must be determined by the court before pronouncing judgment." This procedure does not permit a jury trial on the issue of use or arming after a plea of guilty to the offense. Therefore, for trial purposes the splitting of the enhancement from the underlying felony would seem to automatically deprive the defendant of his jury trial on that issue.

## THE ISSUE

If there is a full waiver of constitutional rights when the plea is taken to the *offense* charged, must that waiver, or a subsequent one, spell out the same rights being waived because of the nonjury procedure selected to determine the truth of the charged enhancement?

## THE ENHANCEMENT HAS SEPARATE STATUS FOR PLEA PURPOSES

Because section 969c provides that the charge of use of a weapon or armed with a firearm shall be "added to and be a part of the count or each of the counts of the accusatory pleading which charge the offense ...," respondent urges that the statute causes a merger, making the enhancement an "element" of the charged offense. Therefore it is suggested that the plea to the offense carries with it a waiver of trial rights as to the enhancement. The argument pays particular attention to the use in section 969c of the words "tried" on a not guilty plea and "determined by the court" after a guilty plea. Respondent urges that the court determination is equivalent to a sentencing decision. The judge would use the same sort of documents employed in sentencing and the burden of proof would be by a preponderance of the evidence. We do not agree.

Though section 969c has been cited many times, we find no precedents interpreting its "determined by the court" words in their relationship to waiver of rights and the nature of the proceeding. It is

suggested that sections 969c and 1025 should be compared. Because the 1025 words are "tried by ... jury ..., or by the court if a jury is waived," we are asked to find much less formality required by the non-trial language of section 969c. Instead, we turn to one of the original statutes, section 1192, and find similar words: "Upon a plea of guilty, or upon a conviction by the court without a jury, of a crime or attempted crime distinguished or divided into degrees, the court must before passing sentence, determine the degree...." Our words of comparison in section 969c are: "...must be determined by the court before pronouncing judgment."

In 1862 the Supreme Court concluded that in a murder case similar words did not require a trial on the question of degree. (*People* v. *Noll* (1862) 20 Cal. 164.) Later, in *People* v. *Chew Lan Ong* (1904) 141 Cal. 550, 552, the Supreme Court held that the nonjury procedure to determine the degree of guilt upon a guilty plea was not violative of the right to jury because no issue was joined upon which there could be a trial. Supportive of respondent's contention here, in a case involving arming, it was held that the procedure called only for "...a mere investigation to determine the degree of guilt." (*People* v. *Hall* (1930) 105 Cal.App. 359, 362 [287 P. 533].) As time passed, more was required. In *People* v. *Harris* (1959) 175 Cal.App.2d 678, 679 [346 P.2d 442], it was concluded that though the trial judge felt that he had sufficient information to determine the degree of the offense, "evidence should nevertheless be taken."

Eventually the early nontrial informality of determining the degree of an offense evolved into the present minitrial in which evidence must be taken "...and a defendant is entitled to the same basic constitutional guarantees and the prosecution held to the same burden of proof as in a case in which the defendant pleads not guilty [citations]." (*People* v. *Ward, supra*, 66 Cal.2d 571, 576.)

The *Ward* case is particularly informative if we consider the degree of a crime to be in a similar proof position to that of an arming enhancement. Both relate to the offense charged. The degree of a crime and the crime fact of use or arming is much less divisible in terms of taking pleas than the prior term enhancement which relates to an entirely different crime. Nevertheless, the *Ward* case makes it clear that for plea and proof purposes the degree of a crime (and by our reasoning the arming enhancement) is severable. In fact the significance of the submission was appreciated in that Ward specifically waived a jury trial

on the penalty issue when he stipulated that certain evidence be considered by the court.

Noting that a plea of guilty amounts to an admission of every element of the crime and is the equivalent of a conviction, the *Ward* court held that a plea to a violation of section 187 (murder) admitted only an unlawful killing of the victim with malice aforethought. The degree of the crime, not being an element of the crime, might have been expressly admitted. However, without that verbalized admission the degree issue was severed and required the minitrial previously mentioned. We find that the armed enhancement requires similar status.

We have previously noted the dissimilarity of sections 969c and 1025 as to jury trial. Because section 969c does not contemplate a jury trial after a plea to the offense charged, the jury waiver should be precise if a court trial or submission is contemplated on a reserved issue. Waiver of jury trial in this court setting would be difficult to misunderstand. Quite obviously, no one should be surprised to see the jurors leave the assembly room. Just a few extra words would make the obvious even more so.

Here, absent a specific two-issue jury waiver, the appellant complains that at the time of the submission he was not again advised of his right to a jury trial. Nevertheless, "'[i]t is settled that where a defendant waives a jury trial he is deemed to have consented to a trial of all the issues in the case before the court sitting without a jury.'" (*People* v. *Berutko* (1969) 71 Cal.2d 84, 94 [77 Cal.Rptr. 217, 253 P.2d 721], quoting *People* v. *Russell* (1961) 195 Cal.App.2d 529, 532 [16 Cal.Rptr. 9].) In that case a similar contention had been made that the general waiver was directed only to the charged offense and not a prior conviction. Any desire to reserve a jury trial on an undecided issue must be clearly expressed.

The jury trial waiver in this case was "to this charge" (robbery) which under the *Berutko* rule carried through to the trial of the issue of being armed. A more specific waiver would have been: Do you waive your right to jury trial as to the offense of robbery and the allegation that you were armed?[2]

---

[2]An example of such a waiver in a degree case is found in *People* v. *Reeves, supra,* 64 Cal.2d 766, 775, footnote 4:
"'MR. MEEKS: Is it your desire, Mr. Reeves, to have a Court trial rather than a jury

Respondent argues that "the otherwise available constitutional rights which a defendant has relative to the armed allegation are effectively waived in conjunction with the defendant's plea of guilty to the charged offense." This contention is based upon the arming allegation becoming one of the elements of the crime admitted by the plea. The *Ward* rationale urges us to the contrary, as does a common sense look at the setting: the armed allegation was not being admitted, unless under a misunderstanding of the law. Not being expressly admitted, the denial of the allegation still stood as to this issue. That required a trial or a submission.

We do not imply that in taking a "straight plea" to a count which includes an enhancement that the word "guilty" would not be construed to be an admission of the crime and the enhancement. Also we do not hold that advice and waivers of rights in relation to a "count" (rather than to a count and an enhancement) would not include the enhancement.[3] The *Berutko* rationale confirming that a jury waiver covers all issues may similarly be applied to advice and waivers which the setting clearly indicates is intended to eliminate all trial issues.

In a relatively few cases the plea is a partial one which divides the count. Though the jury waiver is a complete one when the enhancement

---

trial both on degree and sentence?
    "'THE DEFENDANT: Court trial.
    "'THE COURT: Do you waive the jury, Mr. Reeves?
    "'THE DEFENDANT: Yes.
    "'THE COURT: You understand you are entitled to a jury trial on both issues?
    "'THE DEFENDANT: Yes.
    "'THE COURT: And knowing that, you wish to waive the jury and have the evidence heard and a determination made by the court sitting without a jury, is that correct?
    "'THE DEFENDANT: Yes, sir.
    "'THE COURT: Mr. Meeks, you concur with the waiver?
    "'MR. MEEKS: I will concur with the waiver ....'"

[3]In taking an unconditional guilty plea with an admission of an enhancement, a cautious technique would be one in which the court precedes its statement of rights and discussion of consequences by language such as: "Mr. Doe, your attorney has indicated that you wish to enter a plea of guilty to Count(s) _____ and an admission of the truth of the allegation(s) that _____. Is that what you wish to do?" Next, the introduction to the statement of rights might be: "Do you understand that as to (each of) the crime(s) charged and the allegations(s) that _____ you have an absolute right:..." The plea and admission taken after the specific waivers and advice of consequences and factual basis would be in response to the questions: "How do you plead to Count _____? Do you admit the truth of the allegation that you _____?"

is left for "determination," section 969c requires that the enhancement be determined as an unresolved court issue to which the rights other than to jury trial are preserved. In the *Ward* case the "minitrial" before the court lasted six days. Other than the waiver of a jury trial, no waiver was needed of trial rights because there was a trial on the reserved issue.

The truth of the arming enhancement being unresolved, appellant agreed to submit that issue on the court's reading of the transcript of the preliminary hearing and the submission into evidence of several pictures. Respondent urges that the whole submission process was a mere device to make the record clear that the defendant was not personally armed. We do not believe the judge who devoted so much time to the taking of the plea to robbery would have wasted extra court time in this lengthy submission fashion merely to set the record straight. To the contrary, we must assume that the defendant misunderstood the significance of the pictures and the court "let it be."

Here, though jury trial had been waived earlier and continued as an effective waiver, the other submission waivers pursuant to *Bunnell* were yet to be taken. There was mention of giving up the right to cross-examination (which we expand to confrontation), but no reference to self-incrimination. Also, no advice was given as to the probability the enhancement would be found true, though quite apparently the district attorney and court knew the referral to the probation officer was only a moment away.

We have previously remanded a prior conviction issue for a limited new trial before the court. In that case the waiver was of jury and self-incrimination, but not of confrontation. (*People* v. *Hernandez, supra,* 100 Cal.App.3d 637.) We are not permitted to use lack of prejudice as a basis for disregarding the omission of a waiver of any one of the three principal rights.

The judgment convicting appellant of a violation of section 211 is affirmed. That part of the judgment declaring that he was armed within the meaning of section 12022, subdivision (a), is reversed. The case is remanded to the trial court with directions to either strike the enhancement from the abstract of judgment and to order that the Department of Corrections redetermine appellant's legal status without reference to

the finding of being armed with a firearm, or to resentence appellant after a limited new trial on the issue of being armed.

Zenovich, Acting P. J., and Hanson (P. D.), J., concurred.