[No. AO17028. First Dist., Div. Four. Apr. 21, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
WALTER EUGENE GARZA, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Parts I and III of this opinion are not published as they do not meet the standards for publication. (Cal. Rules of Court, rules 976 and 976.1.)

COUNSEL

Philip Pennypacker and Carlo Andreani for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Kenneth C. Young and Paul D. Gifford, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**CHRISTIAN, J.**—Walter Eugene Garza appeals from a judgment of imprisonment after he pleaded guilty to nighttime burglary (Pen. Code, § 459).

I*

II

Before accepting appellant's plea of guilty, the court questioned him concerning waiver of his rights to freedom from self-incrimination, confrontation and cross-examination of witnesses and trial by jury. (See *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086]; *In re Tahl* (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449], cert. den. (1970) 398 U.S. 911 [26 L.Ed.2d 72, 90 S.Ct. 1708].)  ▮ Appellant contends the court's explanations of the latter two rights were inadequate. Leaving aside the fact that appellant did not seek a certificate of probable cause to authorize appellate review of matters occurring before the plea (Pen. Code, § 1237.5), the record shows the court met its responsibility under *Tahl* of informing appellant of "the essential character of the constitutional privileges in

*See footnote, *ante,* page 131.

lay language" which does not require resort to inference. (*People* v. *Lizarraga* (1974) 43 Cal.App.3d 815, 818 [118 Cal.Rptr. 208]; *People* v. *Johnson* (1978) 77 Cal.App.3d 866, 876 [143 Cal.Rptr. 852].)

The court described the right to trial by jury in the following terms: "First is your right to have a trial. That trial will be by a judge or by a jury, at your choice, without expense to you. At the trial you could be represented by counsel if you so desired and you have been provided counsel, or you could represent yourself if that is what you wanted to do; and at your trial if the charges were not proved beyond a reasonable doubt you would be entitled to be acquitted and that would be the end of the matter."

Appellant maintains that an explanation which does not inform the accused that the trial jury would be composed of twelve persons is fatally defective. No authority supports this proposition. *People* v. *Gloria* (1980) 108 Cal.App.3d 50, 53, footnote 2 [166 Cal.Rptr. 138], and *People* v. *Martin* (1980) 111 Cal.App.3d 973, 979 [169 Cal.Rptr. 52], cited by appellant, merely rejected challenges to explanations which did mention that a jury consists of 12 persons. Neither decision mandates a statement of a number of jurors. Indeed, in *People* v. *Vidaurri* (1980) 103 Cal.App.3d 450, 466 [163 Cal.Rptr. 57], the court held effective a defendant's waiver of his right to jury trial where he executed a form stating "that he understands that he has a right to a speedy and public trial by jury." (See also *People* v. *Lizarraga, supra,* 43 Cal.App.3d 815, 819.)

Appellant next contends that the waiver of his right to cross-examination and confrontation was defective. The record indicates otherwise:

"THE COURT: You also have a right of confrontation which means that at a trial you would be entitled to be confronted by the evidence and witness against you in open court and to cross-examine anyone who testified against you. You would also have the opportunity to testify yourself and to call any witness that might help you with your side of the case and if necessary to have the assistance of the court to compel your witnesses to attend without expense to you, and you could also testify on your own behalf if you so desired, however, you could not be made to be a witness against your will.

"Knowing all this do you give up your right of confrontation and to defend yourself?

"THE DEFENDANT: Could you run that by me again?

"THE COURT: Well, if you have a trial, if that were the case, you're entitled to be confronted by the witnesses against you.

"THE DEFENDANT: That's a regular trial?

"THE COURT: The right to defend yourself, that's any trial, court or jury trial, to defend yourself and call witnesses and testify yourself if you wanted to. If you plead guilty you give up your right to a trial, there is no occasion for presenting the witnesses against you, no occasion to defend yourself. So, you have to realize that you're giving up those rights as well as your right to a trial.

"THE DEFENDANT: Yes.

"THE COURT: Do you give up those rights?

"THE DEFENDANT: Yes."

In *People* v. *Bell* (1981) 118 Cal.App.3d 781, 783-784 [173 Cal.Rptr. 669], the court found adequate a description of this right as " 'your right to cross-examine the witnesses for the prosecution.' " Obviously, there is no infirmity in the far more comprehensive explanation of confrontation and cross-examination given in this case.

The court committed no error in advising appellant of his constitutional rights, accepting his waivers of those rights, and permitting him to enter a plea of guilty.

### III*

The judgment is affirmed.

Rattigan, Acting P. J., and Cook, J.,† concurred.

A petition for a rehearing was denied May 20, 1983, and appellant's petition for a hearing by the Supreme Court was denied July 14, 1983. Bird, C. J., was of the opinion that the petition should be granted.

---

*See footnote, *ante,* page 131.

†Assigned by the Chairperson of the Judicial Council.