[No. E005836. Fourth Dist., Div. Two. Aug. 4, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
MARLON LEON JOHNSON, Defendant and Appellant.

[Opinion certified for partial publication.†]

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I.

COUNSEL

Grover L. Porter, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**CAMPBELL, P. J.**—Defendant pled guilty to residential burglary (Pen. Code, §§ 459, 460, subd. 1),[1] and admitted a prior serious felony conviction (§ 667) in Nevada. The trial court sentenced defendant to the lower term of two years on the burglary and five years on the prior felony conviction, a total of seven years.

Defendant contends that his admission of the prior serious felony conviction should be set aside because he was not properly advised of his right against self-incrimination or that he would be ineligible for probation absent unusual circumstances. He also contends that the prior conviction lacked a necessary element of a prior serious felony and that the trial court failed to establish a sufficient factual basis for the admission of the prior serious felony conviction. The People contend that the appeal should be dismissed for failure timely to obtain a certificate of probable cause.

We hold that the appeal should not be dismissed in the unpublished part I of this opinion, and we reverse the judgment for failure to advise the defendant of his right against self-incrimination at the time he pled guilty; in view of our reversal on this issue, we do not reach the issues of the trial court's omission of advice about presumptive ineligibility for probation, whether the Nevada conviction constitutes a prior serious felony, and the sufficiency of the factual basis for the admission.

I

CERTIFICATE OF PROBABLE CAUSE*

. . . . . . . . . . . . . . . . . . .

---

[1] All statutory references are to the Penal Code unless otherwise indicated.
* See footnote, *ante,* page 1179.

## II

### ADVICE OF RIGHT AGAINST SELF-INCRIMINATION

 Defendant contends that he was not advised of his right against self-incrimination before he admitted the allegation of a prior conviction. We agree that he was not, and reverse with directions to strike the guilty plea and the admission.

 The right against self-incrimination is one of the three rights that a defendant must be advised of and waive in order to make a knowledgeable and voluntary plea of guilty, the other two rights being those to a jury trial and to confrontation. (*Boykin* v. *Alabama* (1969) 395 U.S. 238, 242-244 [23 L.Ed.2d 274, 279-280, 89 S.Ct. 1709, 1711-1713]; *In re Tahl* (1969) 1 Cal.3d 122, 130-131 [81 Cal.Rptr. 577, 460 P.2d 449].) Failure to advise and obtain a waiver of any of these rights is error reversible per se. (*Boykin* v. *Alabama, supra,* 395 U.S. at p. 243, fn. 5 [23 L.Ed.2d at p. 280, 89 S.Ct. at p. 1712]; *In re Tahl, supra,* 1 Cal.3d at p. 130 ["plea of guilty cannot stand"]; see *People* v. *Wright* (1987) 43 Cal.3d 487, 492 [233 Cal.Rptr. 69, 729 P.2d 260].)

"[E]ach of the three rights . . . must be specifically and expressly enumerated for the benefit of and waived by the accused prior to acceptance of his guilty plea. . . . [¶] This does not require the recitation of a formula by rote or the spelling out of every detail by the trial court. It does mean that the record must contain *on its face* direct evidence that the accused was aware, or made aware, of [the three rights]. Each must be enumerated and responses elicited from the person of the defendant. . . . mere inference is no longer sufficient, . . ." (*In re Tahl, supra,* 1 Cal.3d at p. 132.) The Supreme Court has held that *Tahl* applies to the admission of a prior serious felony conviction. (*In re Yurko* (1974) 10 Cal.3d 857, 862-863 [112 Cal.Rptr. 513, 519 P.2d 561].)

 In this case the trial court advised the defendant about his constitutional rights as follows: "You understand, sir, you have the following legal and constitutional rights, that is, you have a right to a speedy and public trial by jury; do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: You have a right to see, hear and question all the witnesses against you; do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: You have a right to have a judge order into court all the evidence and order any witnesses attend the trial without any cost to you, sir; do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: You have a right to be personally present at that trial and present any evidence in your own favor; do you understand that?

"THE DEFENDANT: Yes."

We find no direct evidence on the face of the record that the defendant was made aware of his right against self-incrimination, and reverse accordingly.

The People contend that the record does show that defendant was made aware of his right not to incriminate himself analogizing this case to *People v. Lizarraga* (1974) 43 Cal.App.3d 815, 818-819 [118 Cal.Rptr. 208].

In *Lizarraga* the court advised the defendant as follows: " 'THE COURT: . . . Now, do you also understand that you have a right to stand on your denial of this prior conviction and require the People to prove this prior conviction beyond a reasonable doubt to the Court through competent evidence? Do you understand that?

" '(The defendant nodded his head.)

" 'THE COURT: And do you understand that, if you admit this prior conviction, in effect, what you are doing is giving up your right to a trial on the issue of whether or not you suffered this prior conviction?' " (43 Cal.App.3d at p. 818, fn. 1.)

In holding these statements advised the defendant of the right against self-incrimination, the court said, "We do not interpret the *Tahl* opinion as an ineluctable demand for literal constitutional terminology. Significantly, the *Tahl* opinion permits avoidance of 'the recitation of a formula by rote' and calls for 'direct evidence' that the accused was aware of his rights. [Citation.] We interpret *Tahl* to permit recitation in nonlegalistic terms comprehensible to a layman unschooled in legalistic verbiage, if only it is specific. The recitation suffices if it communicates to the defendant the essential character of the constitutional privileges in lay language, provided the message does not require resort to inference.

"The judge did not in so many words tell defendant that he was waiving his Fifth Amendment privilege against self-incrimination. The essence of

the privilege is authoritatively described in *Malloy* v. *Hogan,* 378 U.S. 1, 8 [12 L.Ed.2d 653, 659, 84 S.Ct. 1489]: 'Governments, state and federal, are thus constitutionally compelled to establish guilt by evidence independently and freely secured, and may not by coercion prove a charge against an accused out of his own mouth.' By telling defendant that he had a right to demand a trial at which the prosecution would be required to prove the prior conviction, the trial judge effectively conveyed the essential message of the privilege against self-incrimination." (*People* v. *Lizarraga, supra,* 43 Cal.App.3d at pp. 818-819.)

The People argue that, in a manner similar to the trial court in *Lizarraga,* the trial court in this case "effectively conveyed the essential message of the privilege against self-incrimination." We agree that the cases are analogous. In this case, the People assert that the defendant was advised of his right against self-incrimination based on advice that he had a right to jury trial *and* that witnesses would be testifying against him. In *Lizarraga* the court found the defendant was advised of his right against self-incrimination based on advice that he had a right to jury trial *and* that the burden of proof would be on the prosecution. While we do not disagree with the analogy, we do disagree with the holding in *Lizarraga,* and do not make the same holding in this case, for three reasons: (1) case law does not support *Lizarraga*'s holding, (2) the statements made by the trial courts in *Lizarraga* and this case do not "effectively convey" the right against self-incrimination, and (3) at best, we can only infer what the trial courts' statements "effectively conveyed."

First, we note that many cases have cited *Lizarraga* for the proposition that "The recitation of rights need not be in legalistic language, so long as it conveys to the layman the essential character of the rights." (*In re Ibarra* (1983) 34 Cal.3d 277, 285 [193 Cal.Rptr. 538, 666 P.2d 980]. See also, e.g.: *People* v. *Garcia* (1988) 201 Cal.App.3d 324, 331-332 [247 Cal.Rptr. 94]; *People* v. *Garza* (1983) 142 Cal.App.3d 131, 132-133 [190 Cal.Rptr. 824]; *People* v. *Casarez* (1981) 124 Cal.App.3d 641, 645-646 [177 Cal.Rptr. 451]; *People* v. *English* (1981) 116 Cal.App.3d 361, 370-371 [172 Cal.Rptr. 122]; *People* v. *Pimentel* (1979) 89 Cal.App.3d 581, 587-588 [152 Cal.Rptr. 519].) Only one of these cases relied on the specific holding in *Lizarraga,* and then only in passing and in a footnote. (See *People* v. *Kane* (1985) 165 Cal.App.3d 480, 486, fn. 2 [211 Cal.Rptr. 628] and accompanying text [defendant "adequately advised" of right to confrontation by advice of right to trial and to present evidence].)

In the only case discussing the holding in *Lizarraga, People* v. *Johnson* (1978) 77 Cal.App.3d 866 at page 876 [143 Cal.Rptr. 852], that holding was properly criticized as follows: "[W]e are at a loss to understand how telling

a defendant that he has the right to a trial on the issue of the prior conviction, and that the prosecution has the burden of proving the prior conviction beyond a reasonable doubt, also tell him that he has a privilege against self-incrimination, which he waives, if he admits the prior. For all that appears in the record, the defendant didn't even know that he had such a privilege, much less that he waived it. [¶] At best, it may be asserted that the defendant has *inferentially* waived his privilege. But, as the *Lizarraga* court itself observed, *inference* may not be resorted to in order to find that the defendant has been advised of his rights." As will appear below, we concur in *Johnson*'s criticism of *Lizarraga*.

Thus, there is no substantial support in case law for the actual holding in *Lizarraga*, and we are not bound to follow it.

Second, we have no quarrel with the proposition for which *Lizarraga* has been cited, but we do not agree that the "essential message of the privilege against self-incrimination" was "effectively conveyed" in either *Lizarraga* or this case. An example of such an effective communication occurred in *People* v. *English, supra,* 116 Cal.App.3d at page 370, wherein the trial court informed the defendant that he was giving up the right to go to trial where he could " 'testify or not testify, as you choose.' " The appellate court in *English* correctly held that this "admonishment conveyed the essential character of appellant's privilege against self-incrimination to him in nonlegalistic terms comprehensible to a layman." (*Ibid.*) The defendant did not have to infer that he had a right against self-incrimination, he was expressly told that he did not have to testify, the essential meaning of the right against self-incrimination.

However, in *Lizarraga* the trial court told the defendant only that he had a right to a jury trial at which he had the "right to stand on your denial of this prior conviction and require the People to prove this prior conviction beyond a reasonable doubt through competent evidence," and in this case only that he had the right to a jury trial in which the prosecution would present evidence against him. The right to a jury trial, "stand[ing] on your denial," "requir[ing] the People to prove," and having the People produce evidence against him do not communicate the idea that the People cannot require the defendant to take the stand and testify. The defendant could reasonably understand these phrases to mean that he would have to testify but could deny the allegations and that the People could still try through cross-examination to use his testimony as the evidence they must produce to satisfy the People's burden of proof. Unless the defendant is told in effect that he need not testify, the essence of the great Fifth Amendment right is not communicated to the defendant. Defendant was not so advised in *Lizar-*

*raga* or this case, and we hold that the defendant herein was not advised of his right against self-incrimination.

Third, although *Lizarraga* purports to avoid the inference prohibited by *Tahl* in reaching its holding that the essence of the right against self-incrimination was effectively communicated, inference was necessarily involved in *Lizarraga* and is necessarily involved in the People's contention in this case. For either the defendant or the court in *Lizarraga* to see advice of the right against self-incrimination in advice of the right to a trial by jury at which the prosecution has the burden of proof, or for the People in this case to see advice of the Fifth Amendment right in advice of the right to jury trial with the prosecution producing evidence, they must reason that, if the prosecution has the burden of proof at trial or must present evidence against the defendant, then the defendant has the right not to incriminate himself. By any understanding of the word, this is an inference, and it is mere sophistry to contend that the right against self-incrimination was "effectively conveyed" by, and not inferred from, advice of the right to a jury trial with either the prosecution having the burden of proof or producing evidence against the defendant. (Cf.: *People* v. *English, supra,* 116 Cal.App.3d at pp. 370-371 [communication of right against self-incrimination]; *People* v. *Garza, supra,* 142 Cal.App.3d at pp. 132-134 [communication of right to jury trial and right of confrontation].)

We conclude that the court in *Lizarraga* necessarily resorted to inference in holding that the right against self-incrimination was "effectively conveyed" in violation of the requirements in *Tahl* that "each of the three rights . . . must be specifically and expressly enumerated" and that "mere inference is no longer sufficient." (1 Cal.3d at p. 132.) We therefore decline to follow it. The People's argument in this case suffers from the same defects as does the holding in *Lizarraga,* and we reject that argument. We hold that the defendant was not advised of and did not waive his right against self-incrimination and that, therefore, the guilty plea and admission of the prior serious felony allegation are invalid.

## Disposition

Defendant requests only that the admission of the prior serious felony be set aside so that he may retain the benefit of his plea bargain, the lower term on the residential burglary, while possibly avoiding the burden of the five-year enhancement if the People are unable to prove the prior serious felony conviction. However, since the guilty plea and admission were taken at the same time and the failure to advise of and waive the right against self-incrimination was with respect to both the plea and admission, and since

both the plea and admission were part of a single plea bargain, we reverse the entire judgment with directions to strike the guilty plea and admission.

McDaniel, J., and Dabney, J., concurred.

Respondent's petition for review by the Supreme Court was denied November 2, 1989.