[No. D009680. Fourth Dist., Div. One. June 14, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
ROGELIO BALDERRAMA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

* Pursuant to California Rules of Court, rules 976.1 and 976(b), this opinion is certified for publication with the exception of part II.

**COUNSEL**

Ronald K. Olson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**KREMER, P. J.**—Rogelio Balderrama was convicted by a jury of burglarizing a residence (Pen. Code,[2] § 459). He admitted he had a prior serious felony conviction (§§ 667, subd. (a), 1192.7, subd. (c)(1)(18)). On appeal, Balderrama contends the court failed to adequately advise him of his constitutional privilege against self-incrimination and his right of confrontation

---

[2] All statutory references are to the Penal Code unless otherwise specified.

before accepting his admission of the prior serious felony conviction. He also contends the court relied on improper factors to justify imposing a consecutive sentence. We agree the trial court failed to give Balderrama a sufficient advisement of his constitutional rights before accepting his admission and therefore reverse and remand on that issue. Otherwise, we affirm.

DISCUSSION

I

*Sufficiency of Advisements*

■ When a trial court accepts a guilty plea, "the record must contain *on its face* direct evidence that the accused was aware, or made aware, of his right to confrontation, to a jury trial, and against self-incrimination, . . ." (*In re Tahl* (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449], cert. den. 398 U.S. 911 [26 L.Ed.2d 72, 90 S.Ct. 1708], italics in original.) These admonitions are constitutionally compelled. (*In re Ronald E.* (1977) 19 Cal.3d 315, 320 [137 Cal.Rptr. 781, 562 P.2d 684].) The admonitions must be "express and specific." (*In re Yurko* (1974) 10 Cal.3d 857, 863 [112 Cal.Rptr. 513, 519 P.2d 561].) ■ When an accused has not been properly advised of his constitutional rights before admitting a prior conviction, the proper remedy is to remand the matter to the trial court for a limited hearing on the truth of the prior. (*People* v. *Smith* (1986) 187 Cal.App.3d 666, 684 [231 Cal.Rptr. 897].)

Here, Balderrama admitted the prior conviction before the trial of his burglary offense. The court advised Balderrama as follows: "THE COURT: We have arrived in this courtroom to have the jury determine whether or not the charge of residential burglary is true or not, and in that regard you are allowed to have the jury determine the truth or falsity of this prior that you say you wish to admit; and if they do, they will have to find it to have been proved beyond a reasonable doubt, which is a requirement in this country.

"Do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: Do you understand that if you admit this prior, you will not be having the jury determine its validity; you will be admitting its validity to the court?

"THE DEFENDANT: Yes.

"[The court informs Balderrama of the consequences of admitting the prior.]

"THE COURT: . . . The alternative is to deny the prior, in which case I would have to read it to the jury and tell them that they're going to have to undertake to hear evidence on that also. Or, you could ask to have it put over and then the court could determine it after the jury determines your guilt or innocence on the underlying charge. That's roughly what the alternatives are.

"Do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: And you wish to give up those alternatives and admit that you have been previously convicted?

"THE DEFENDANT: Yes."

■ In this advisement, the court specifically and expressly told Balderrama he had a right to a jury trial, but did not specifically and expressly tell him he had a right to confrontation and a right not to incriminate himself. The People nonetheless argue the advisement was sufficient by analogy to *People* v. *Lizarraga* (1974) 43 Cal.App.3d 815 [118 Cal.Rptr. 208].

In *Lizarraga,* the court told the defendant: "[Y]ou have a right to stand on your denial of this prior conviction and require the People to prove this prior conviction beyond a reasonable doubt to the Court through competent evidence" and that by admitting the prior "what you are doing is giving up your right to a trial on the issue of whether or not you suffered this prior conviction." (43 Cal.App.3d at p. 818, fn. 1.) The *Lizarraga* court found case law did not demand "literal constitutional terminology," but permitted "recitation in nonlegalistic terms comprehensible to a layman unschooled in legalistic verbiage, if only it is specific." (*Id.* at p. 818.) The court concluded: "The recitation suffices if it communicates to the defendant the essential character of the constitutional privileges in lay language, provided the message does not require resort to inference." (*Ibid.*)

The *Lizarraga* court found the recitation by the trial judge sufficiently communicated the essential character of the constitutional privileges. The court found the right against self-incrimination was effectively communicated "[b]y telling defendant that he had a right to demand a trial at which the prosecution would be required to prove the prior conviction" (43 Cal.App.3d at p. 819) and the right of confrontation was communicated by

telling the defendant he had a right to force the prosecution to produce the record of the prior conviction and a right to contest its validity (*id.* at p. 821).

Subsequent cases have generally criticized *Lizarraga* (see *People* v. *Johnson* (1989) 212 Cal.App.3d 1179, 1184-1186 [261 Cal.Rptr. 159]; *People* v. *Casarez* (1981) 124 Cal.App.3d 641, 645-646 [177 Cal.Rptr. 451], disapproved on other grounds in *People* v. *Wright* (1987) 43 Cal.3d 487, 494-495 [233 Cal.Rptr. 69, 729 P.2d 260]; *People* v. *Hernandez* (1979) 100 Cal.App.3d 637, 642 [160 Cal.Rptr. 607]; *People* v. *Pimentel* (1979) 89 Cal.App.3d 581, 587 [152 Cal.Rptr. 519], *People* v. *Johnson* (1978) 77 Cal.App.3d 866, 875 [143 Cal.Rptr. 852]), found it factually distinguishable (see *People* v. *Garcia* (1988) 201 Cal.App.3d 324, 331-332 [247 Cal.Rptr. 94]; *People* v. *Bell* (1981) 118 Cal.App.3d 781, 784-785, fn. 1 [173 Cal.Rptr. 669]; *People* v. *English* (1981) 116 Cal.App.3d 361, 370-371 [172 Cal.Rptr. 122]) or cited it only for the proposition the admonitions do not have to be in legalistic language (see *People* v. *Garza* (1983) 142 Cal.App.3d 131 [190 Cal.Rptr. 824]). No case has expressly followed *Lizarraga*'s holding that advising a defendant he has a right to demand a trial and require the prosecution to prove the prior conviction is, in itself, sufficient to advise a defendant of his rights against self-incrimination and confrontation. (Compare *People* v. *Kane* (1985) 165 Cal.App.3d 480, 486, fn. 2 [211 Cal.Rptr. 628], which cited *Lizarraga* to support the court's rejection, without discussion, of the defendant's claim he had not been adequately advised of his right to confrontation.)

Recently, another division of this district in *People* v. *Johnson, supra,* 212 Cal.App.3d 1179, analyzed *Lizarraga* and declined to follow it for three reasons: (1) case law did not support *Lizarraga*'s holding, (2) the statements made by the trial judge in *Lizarraga* did not "effectively convey" the right against self-incrimination, and (3) a conclusion the trial judge's statements "effectively conveyed" the right improperly depended on inference. (*Id.* at p. 1184.)

The *Johnson* court stated: "In the only case discussing the holding in *Lizarraga, People* v. *Johnson* (1978) 77 Cal.App.3d 866 at page 876 [143 Cal.Rptr. 852], that holding was properly criticized as follows: '[W]e are at a loss to understand how telling a defendant that he has the right to a trial on the issue of the prior conviction, and that the prosecution has the burden of proving the prior conviction beyond a reasonable doubt, also tell him that he has a privilege against self-incrimination, which he waives, if he admits the prior. For all that appears in the record, the defendant didn't even know that he had such a privilege, much less that he waived it. [¶] At best, it may be asserted that the defendant has *inferentially* waived his privilege. But, as the *Lizarraga* court itself observed, *inference* may not be resorted to in order

to find that the defendant has been advised of his rights.' " (*Id.* at pp. 1184-1185, italics in original.)

The *Johnson* court found the advisement in *Lizarraga* did not effectively convey the meaning of the privilege against self-incrimination and contrasted the advisement in *Lizarraga,* which the court found inadequate, with the advisement given in *People* v. *English, supra,* 116 Cal.App.3d 361, 370, which the court found adequate. In *People* v. *English,* the court told the defendant he was giving up the right to go to trial where he could " 'testify or not testify, as you choose.' "

Finally, the *Johnson* court analyzed how *Lizarraga* impermissibly relied on inferences for its conclusion.

"[A]lthough *Lizarraga* purports to avoid the inference prohibited by *Tahl* in reaching its holding that the essence of the right against self-incrimination was effectively communicated, inference was necessarily involved in *Lizarraga* and is necessarily involved in the People's contention in this case. For either the defendant or the court in *Lizarraga* to see advice of the right against self-incrimination in advice of the right to a trial by jury at which the prosecution has the burden of proof, or for the People in this case to see advice of the Fifth Amendment right in advice of the right to jury trial with the prosecution producing evidence, they must reason that, if the prosecution has the burden of proof at trial or must present evidence against the defendant, then the defendant has the right not to incriminate himself. By any understanding of the word, this is an inference, and it is mere sophistry to contend that the right against self-incrimination was 'effectively conveyed' by, and not inferred from, advice of the right to a jury trial with either the prosecution having the burden of proof or producing evidence against the defendant. (Cf.: *People* v. *English, supra,* 116 Cal.App.3d at p. 370-371 [communication of right against self-incrimination]; *People* v. *Garza, supra,* 142 Cal.App.3d at pp. 132-134 [communication of right to jury trial and right of confrontation].)" (*People* v. *Johnson, supra,* 212 Cal.App.3d at p. 1186.)

We find the reasoning of the *Johnson* courts to be persuasive and likewise decline to follow *Lizarraga.*

The court's statements here, telling Balderrama only that he had a right to have the prior proved beyond a reasonable doubt to a jury or to the court as alternatives to admitting the prior, failed to inform Balderrama that he had a right not to incriminate himself and to confront the evidence against him. Since the court failed to advise Balderrama of these rights and to

obtain an effective waiver, we must remand the matter for a limited hearing on the truth of the priors.

## II*

. . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The cause is reversed and remanded for a hearing on the prior conviction enhancement. In all other respects, the judgment is affirmed.

Wiener, J., and Nares, J., concurred.

---

* See footnote, *ante*, page 282.